Arthur A. Darrigrand, J.
At arraignment the District Attorney served notice that at the trial of the action the People intend to offer testimony of identification by means of previous recognition. In particular, such testimony would be that the witness at police headquarters on February 22,1973 examined a group of photographs and from them selected a photograph of defendant as a person who committed the alleged offense. Thereafter defendant moved to suppress such evidence and further claimed that any in-court identification was thereby tainted.
The testimony indicated that around 6:00 p.m. on February 2, 1973, two men entered complainant’s appliance store. The sale *545 of a television set was negotiated and one of the men gave complainant a check in payment. This man identified himself as G-eorge Ahraham, Jr., displayed a driver’s license, and wrote out the check. Complainant helped carry the television out to a car which was driven up to the front of the store hy a third man. The door on the right side of the car was opened and complainant attempted to assist in placing the television inside the car. At this time the interior light of the car was lit, there were street lights and lights from the storefront also operating, and complainant with his head inside the car observed the driver. When the television could not be placed inside the car it was then carried to the rear and placed in the trunk of the car. Complainant then noted the make, color, type and physical condition of the car as well as the license number.
The check given to complainant was returned after deposit, once for insufficient funds and the second time on the ground that the account was closed. Complainant then contacted Investigator Bevan of the Utica Police, who ascertained that a car answering the description given by complainant was owned by defendant. On February 22, 1973 Bevan gave a group of 10 photographs to complainant and asked if complainant could recognize any of the persons shown. Complainant then selected defendant’s photograph, stating that it was the man who was driving the car. The photographs were generally similar, all white males of the same general age bracket. One of the photographs was that of defendant taken at an earlier age.
May the People offer as part of its direct case testimony of a witness, making an in-court identification, that such witness previously identified defendant by means of a photograph shown to him?
In 1966 the rules existing in New York in this respect were set forth in People v. Caserta (19 N Y 2d 18, 21) as follows: “ Prior to the adoption of section 393-b of the Code of Criminal Procedure in 1927, the rule had long been that it was reversible error even to admit testimony by the witness himself that he had previously identified an accused in person (People v. Jung Hing, 212 N. Y. 393, 401; People v. De Martini, 213 N. Y. 203). The cases consistently hold that this established rule is relaxed by section 393-b of the Code of Criminal Procedure only to the extent of permitting a witness to testify to a previous identification by himself of the defendant in the flesh. (People v. Cioffi [1 N Y 2d 70] 73).”
Our State courts have uniformly held that a complaining witness could not testify in direct testimony as to a prior identifica *546 tian made by means of a photograph. (See People v. Wright, 21 N Y 2d 1011; People v. Christman, 23 N Y 2d 429, 433.) Where, however, a claim of recent fabrication was raised, proof of such prior identification was permitted. (See People v. Baker, 23 N Y 2d 307, 323, 324.)
Effective September 1, 1971, GPL 60.25 and 60.30 attempted to clarify the rule as to evidence of identification by means of prior recognition. These sections specifically provided that such testimony when given in accordance with the rules constitutes evidence in chief. It is obvious that the drafters of these statutes had in mind those United States Supreme Court decisions such as United States v. Wade, Gilbert v. California and Stovall v. Denno (388 U. S., pp. 218, 263 and 293). Each of these decisions concerned testimony of witnesses who viewed a defendant in the flesh and not by photograph.
Both CPL 60.25 and 60.30 refer to observation of “ a person ” under circumstances consistent with such person’s constitutional rights. CPL 710.30 requires that the prosecution give notice to a defendant when it intends to offer testimony as to a previous recognition and other portions of article 710 provide procedures for determining the admissibility of such testimony before trial. It may be noted that the Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 11-A, CPL, art. 710) indicates that this article was the result of United States Supreme Court decisions such as Wade and Gilbert (supra).
The United States Supreme Court has recognized that the use of photographs for initial identification by a witness is an effective and widely used procedure in criminal law enforcement. See Simmons v. United States (390 U. S. 377, 384) where the court stated: “ We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. ’ ’
Federal practice permits the prosecution to introduce as part of its direct case testimony of pretrial identification from photographs whether or not the issue of recent fabrication is raised by a defendant. (See United States v. Hallman, 439 F. 2d 603 [1971]; United States v. Cranson, 453 F. 2d 123 [1971], cert. den. 406 U, S, 909.) Where police photographs or so-called *547 “ mug shots ” are used, the trial court must balance the possibility of prejudice as against the need to use such testimony, in determining whether to admit such testimony. (See United States v. Reed, 376 F. 2d 226 [1967]; United States v. Clemons, 445 F. 2d 711 [1971], cert. den. 404 U. S. 956.)
In view of the historical background of GPL 60.25, 60.30 and article 710 and use of the word “ person ” therein, it is the opinion of this court that the prosecution may not introduce, as part of its direct case, testimony of a pretrial identification by photographs or drawings. Likewise, it is not necessary for the prosecution to give notice of such pretrial identification pursuant to GPL 710.30.
Defense counsel may then argue that he has no way to ascertain if there has been such a pretrial identification and that cross-examination in the presence of the jury would be prejudicial. The answer lies in the use of a motion for discovery to ascertain if any witness viewed photographs or drawings prior to trial. (See United States v. White, 446 F. 2d 1280 [1971]; United States v. Cranson, 453 F. 2d 123, supra.)
The remaining question is whether the photographic identification made by the complainant here was conducted in such manner as to create a very substantial likelihood of irreparable misidentification. Complainant herein observed the occupant of the car under lighted conditions, at close range, for sufficient length of time and under such conditions as to make an impression upon him. He was shown a series of photographs of persons having approximately the same physical characteristics. No suggestions were made to him as to any particular photograph or photographs or that the photo of any suspect was contained in the group. In fact complainant stated that when he looked at the photographs he had in mind the two persons who entered the store and not the person in the car.
The court determines that this investigative showing of police photographs did not violate due process and that any in-court identification will not be tainted by the procedure used. Complainant will therefore not be precluded from making an in-court identification during the trial of this action. Whether or not the prosecution will be permitted to offer testimony as to the photographic pretrial identification to rebut any claim of recent fabrication, or offer the photographs in evidence, must be determined in the course of trial.