THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR ORTIZ, Appellant.

First Department, December 15, 1988

APPEARANCES OF COUNSEL

*Catherine M. Cook* of counsel *(Mark Dwyer* with her on the

brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

*Kevin Casey* of counsel *(Philip L. Weinstein,* attorney), for appellant.

## OPINION OF THE COURT

ASCH, J.

Defendant was charged with robbing one Irene Gonzalez on December 20, 1984, and with the robbery of Mrs. Maria Arango and her daughter, Miss Maria Arango, on March 9, 1985. The jury found defendant guilty of two counts of robbery in the first degree based on the March 9, 1985 robbery of the Arangos but acquitted him of the charges arising out of the Gonzalez robbery.

We find under the facts of this case that the introduction of identification testimony by Mrs. Maria Arango was improper since the People failed to comply with the notice requirement of CPL 710.30. Pursuant to this section, when the prosecution intends to offer identification testimony from a witness who has made a prior identification, notice of intention must be filed within 15 days of the defendant's arraignment or such testimony will be precluded (CPL 710.30 [3]).

During her testimony, Mrs. Arango was highly agitated and made an in-court identification of defendant as follows:

"Q. Do you think you would be able to recognize the man?

"A. Yes, sure.

"Q. If you ever saw him again?

"A. Can you forget a person who point a gun to your daughter? Never in my life. Over there. Over there."

Following this emotional and positive identification, defense counsel quite properly sought to impeach that identification by asking during cross-examination whether she had made a prior identification from a photo array. This, of course, was in reliance upon the People's implicit representation, by its failure to serve the required notice, that the witness had not made such prior identification. Rather than impeaching the witness, however, counsel's questioning tended instead to strengthen the identification testimony.

While the court may "[f]or good cause shown" (CPL 710.30 [2]) permit late notice, there was no such good cause shown herein. The People assert that the officers who were present when Mrs. Arango viewed the photos testified at the suppres-

sion hearing that they could not recall whether she identified anyone. They conclude that Mrs. Arango was simply mistaken in concluding that she did identify defendant in a photo array or possibly recognized defendant's photo but never told the police (despite her testimony to the contrary). The People contend that her failure to disclose her recognition of defendant in the photo array to the police or prosecution would, therefore, constitute "good cause", excusing the People from complying with the notice provisions of CPL 710.30.

However, the prosecution never alleged at trial that there was "good cause" for the lack of notice and the trial court, without inquiry, simply assumed the prosecution was taken by surprise. Even assuming the prosecutor had asserted that Mrs. Arango never made any mention of a prior identification, this would not have constituted good cause for the lack of notice when taken together with the other evidence before the court. As noted, neither of the police officers who went to Mrs. Arango's apartment to show her a photo array could "remember" whether Mrs. Arango had made an identification. It certainly was reasonable, therefore, to expect the prosecutor to make inquiry of Mrs. Arango before eliciting identification testimony from her on the direct case.

Since there was no statutory notice of a prior identification and no good cause shown for the lack of such notice, the identification testimony of Mrs. Arango should have been precluded by the court (see, People v O'Doherty, 70 NY2d 479). In addition, the error was not harmless in view of the emotional and firm manner of her identification and the sequence of questioning, as set forth above, which tended to impermissibly bolster her daughter's much less positive identification (see, People v Slater, 53 AD2d 41, 43).

Defendant had three alibi witnesses who placed him in Puerto Rico at the time of the Gonzalez robbery on December 20th (for which he was acquitted). Further, there was testimony by one Maria Matias, called by defendant, who was robbed in the same neighborhood at about the same period, that the robber was someone who resembled defendant. Another witness for the prosecution who was robbed on December 20th, Ms. Corinne Bullock, gave unimpeached testimony, on direct, that defendant was not her assailant.

The defense theory was that an individual who resembled defendant committed all of the offenses charged and uncharged. Thus, defendant's identification was the critical issue

during the trial and, consequently, the improper introduction of Mrs. Arango's testimony cannot be deemed harmless.

Accordingly, the judgment of the Supreme Court, New York County (Joan Carey, J.), rendered April 7, 1986, convicting defendant, after trial by jury, of two counts of robbery in the first degree, and sentencing him to concurrent terms of 3 to 9 years, should be reversed, on the law and facts, and the case remanded for a new trial.

MURPHY, P. J., ROSENBERGER and SMITH, JJ., concur.

Judgment, Supreme Court, New York County, rendered on April 7, 1986, unanimously reversed, on the law and facts, and the case remanded for a new trial.