*1000 OPINION OF THE COURT
Richard A. Goldberg, J.
Defendant was arrested and charged with robbery in the first degree, grand larceny in the third and fourth degrees, unauthorized use of a motor vehicle in the third degree and reckless endangerment, all arising out of the November 30, 1989 gunpoint theft of a 1987 Nissan Maxima from 3 Brothers Auto Sales in Brooklyn.
Defendant had taken a test drive and had negotiated a sale price of $11,000 for the car when he suddenly produced a handgun, took the keys, fired one shot, and then drove off in the car. In his haste to flee the car dealer’s office, he inadvertently left behind a pouch containing parole release and other personal documents which enabled the police to obtain defendant’s photo and prepare a photo-array. The salesman, Bhimdath Singh, positively identified defendant in the photo-array and again, at a lineup held the next day. Defendant had been arrested within 12 hours of the incident while driving the stolen vehicle.
Pursuant to GPL 710.30 the People gave notice of the prospective in-court and lineup identification within 15 days after defendant’s arraignment. The notice stated: "II. please take notice that, pursuant to and within the meaning of Section 710.30 (1) (b) of the Criminal Procedure Law, the People intend to offer on its direct case at trial of this action testimony regarding an observation of the defendant either at the time and place of the commission of the offense or upon such other occasion relevant to the case by a witness who has previously identified the defendant.”
The notice then provided the name of the identifying witness, Bhimdath Singh, and information relating to the date, time, place and police officer present at a lineup. Information regarding the photographic identification was left blank. A voluntary disclosure form served with the notice gave other details including the time and place of the commission of the crime.
As a result of a defense request in its omnibus motion, the court ordered that a Wade hearing be conducted. The day before the hearing commenced, the prosecutor informed defense counsel and the court that the photographic identification had been made by Mr. Singh. Defendant then moved to preclude the in-court identification on the ground that the People’s failure to give notice of the photo identification *1001 constituted noncompliance with the requirements of CPL 710.30 (1) (b). (See, People v McMullin, 70 NY2d 855, 857; People v Bernier, 73 NY2d 1006, 1008.) The defense attorney concedes that the notice was sufficient to avoid preclusion of the lineup identification and that he was not prejudiced by the delay in notification concerning the photo-array identification procedure. The People offered no good-faith basis for the delay in notifying defendant of the photo identification. The court denied the motion and ordered a Wade hearing as to the admissibility of the lineup and the prospective in-court identification.[1]
Since the photo-array identification would not be admissible in any event (People v Cioffi, 1 NY2d 70), the issue before this court is whether the People should have been precluded from conducting an in-court identification of defendant by Bhimdath Singh because of the omission of the photo-array identification from their CPL 710.30 (1) (b) notice.
The court determines that preclusion of the in-court identification is inappropriate because: (1) the CPL 710.30 notice timely served by the People is sufficient to comply with the language and legislative intent of the statute; (2) since defendant concedes that the CPL 710.30 notice served herein was sufficient to obviate preclusion of the lineup at trial, of necessity, it must be sufficient to obviate preclusion of the in-court identification as well.
Since this issue appears to be a matter of first impression, the court will present a detailed analysis of its reasoning in reaching the above conclusion.
THE CPL 710.30 NOTICE SERVED HEREIN IS SUFFICIENT TO COMPLY WITH THE LANGUAGE AND LEGISLATIVE INTENT OF THE STATUTE
The controlling principle in interpreting statutes is the legislative intent, evidence of which is first sought in the words the Legislature has used. The spirit and purpose of the act and the objects to be accomplished must also be considered. (People v White, 73 NY2d 468, 473.)
Historically, CPL 710.30, as it relates to identifications, was a legislative response to the problem of suggestive and *1002 misleading pretrial identifications involving, e.g., lineups, showups or photographs for the purpose of establishing the identity of the criminal actor at trial. The statute sets forth a procedure to provide notice to a defendant who might otherwise be unaware that the People are in possession of such evidence and thus allows the defendant to test the reliability of the identification at a pretrial hearing (see, People v White, supra, at 474).
The intent of the 1976 amendment to CPL 710.30, which compels the People to serve their notice of such intention within 15 days of arraignment, was to avoid additional pretrial motions, hearings and delays. "Although CPL 710.30 retains as its central purpose that of providing a defendant with the opportunity to obtain a pretrial ruling on the admissibility of statements to be used against him, the 1976 amendment was designed to serve an ancillary goal — the orderly, swift and efficient determination of pretrial motions. The impetus for the amendment was the enactment of article 255 of the Criminal Procedure Law (L 1974, ch 763, § 1), the omnibus pretrial motion provisions which sought to impose order and speed on pretrial motion practice by requiring the defendant to make substantially all pretrial motions at one time, on one set of papers before one Judge, within 45 days after arraignment (see, CPL 255.20; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 255.10, at 437-438). Until the 1976 amendment, however, these goals were compromised by the prosecutor’s ability under CPL 710.30 to serve a notice on defendant at any time before trial, which triggered the defendant’s right to make an additional pretrial motion, requiring a hearing and resulting in additional delay. It was to alleviate this problem that the 1976 amendments to CPL 710.30, requiring notice to defendant within 15 days after arraignment, along with conforming changes to CPL 255.20 and CPL 700.70, were proposed (see, 21st Ann Report of NY Jud Conf, 4th Ann Report by Advisory Committee on CPL, at 339-340, 348-349 [1976]).” (People v O’Doherty, 70 NY2d 479, 488.)
CPL 710.30 (1) (b) as it is pertinent herein reads as follows: "1. Whenever the people intend to offer at a trial * * * (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must *1003 serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.”
What, precisely, does this language mean? The phrase "either” "or” is disjunctive and indicates two separate and distinct situations. The phrase "to be given by a witness who has previously identified him as such” modifies both antecedent phrases. There are, thus, two situations where the prosecutor must give notice. The first situation is where the People intend to offer evidence at trial of an observation of the defendant at the time or place of the commission of the crime (the classic in-court identification) and the witness has previously (before the time of trial) identified the defendant as the perpetrator of the crime in a separate police procedure (People v McMullin, 70 NY2d 855, supra). In this situation it is irrelevant whether or not the People intend to introduce the prior identification procedure into evidence. As long as there was a prior procedure and the People intend to introduce the witness’ in-court identification into evidence, they must serve notice of that intention. This is consistent with the intent of the Legislature that defendant be informed that there exists a possible impermissibly suggestive police procedure which could affect the in-court identification. It also eliminates the notice requirement where there was no earlier police arranged identification procedure conducted with that witness. (People v Monroig, 111 AD2d 935.)
The second situation where notice is required is where the People intend to offer evidence at trial of an observation of the defendant at "some other occasion relevant to the case” by a witness who has previously identified him (defendant) as such (the perpetrator).[2] Thus, if the People seek to introduce a lineup or showup pursuant to CPL 60.25 or CPL 60.30, notice must be given. What is the substance of the required notice? CPL 710.30 (1) says, "they [the People] must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.” The phrase used by the statute requires specification only of "the evidence intended to be offered.”
*1004 The fact that a witness made a photographic identification is not admissible as evidence in New York (People v Cioffi, 1 NY2d 70, supra; People v Christman, 23 NY2d 429). Thus, the People cannot intend to offer the previous photo identification in evidence. It follows, therefore, that where the People seek to introduce testimony of an in-court identification and where the intended witness has previously identified the defendant from a photograph or photo-array, they (the People) are not obligated to give notice of the earlier photo identification. However, the People are still required to give notice of the in-court identification because they intend to offer testimony of an observation of defendant at the time and place of the commission of the crime by a witness who has previously identified him as the perpetrator (at the photographic identification).
Earlier case law is not universally consistent with this interpretation of the statute. One nisi prius court has said that no notice is necessary (People v Abraham, 74 Misc 2d 544). The reasoning of the court was that since photographic identification testimony is not admissible at trial and CPL 710.30 requires notice only of identification procedures which the People intend to offer at trial, photographic identification needs no notice (supra, at 547). There was no discussion of the need for notice of the in-court identification in Abraham. Appellate courts and other nisi prius courts assume that notice is required without any in-depth discussion of the statute (People v Ortiz, 142 AD2d 229; People v Slater, 53 AD2d 41; People v Miles, 163 AD2d 330; People v Vargas, 118 Misc 2d 477, 480).
The court disagrees with People v Abraham (supra) and finds that when the People offer an in-court identification by a witness who has previously made a photographic identification, CPL 710.30 notice must be given. In People v Fort (109 Misc 2d 990), the trial court applied the requirements of CPL 710.30 to photo-arrays. Although it found the statute was violated it nevertheless refused to preclude the in-court identification.
There is one additional lower court decision which is related to the case at bar. In People v Ocasio (146 Misc 2d 688), Justice Lipp dealt with the question of timely CPL 710.30 notice of the wrong person. In that case, the prosecutor gave notice that Erika Schesinger had identified defendant at a lineup. In actuality, it was Sonia Morales who had identified the defendant. The prosecutor was permitted to make a late *1005 amendment of his CPL 710.30 notice. The court held that CPL 710.30 notice may be amended, even on the eve of the pretrial hearings, where the defects do not "change the theory of the prosecution or otherwise serve to prejudice the defendant on the merits” (People v Ocasio, supra, at 692, citing People v Spann, 56 NY2d 469; People v Barnes, 119 AD2d 828).
While the better practice would be to give notice of the photographic identification, it is not an essential ingredient of a CPL 710.30 (1) (b) notice. There is no statutory requirement that the People enumerate each and every identification procedure which was conducted in the case unless evidence thereof is intended to be offered at trial. By notifying a defendant that the People intend to offer an in-court identification by a specific witness, his counsel is informed of the need to inquire into the details of earlier identification procedures which might have tainted the prospective in-court identification even though the procedures themselves may not be offered.
Inasmuch as the 1986 amendment to CPL 710.60 (3) (b) now relieves the defense of the burden of alleging a factual basis when making a motion to suppress a prior identification, there is no need for the defendant to be notified of exactly what prior identification procedures may have occurred (unless the People intend to offer them at trial as CPL 710.30 still requires). There may, in fact, have been several. This amendment is legislative recognition of the impracticality of trying to specify every conceivable potentially suggestive act in the notice.
Of course, if defendant feels that the notice is inadequate to prepare for the hearing, he can obtain amplification of the notice prior to the hearing (see, People v Rivera, 53 NY2d 1005).
The Appellate Division, Third Department, has held that service of inadequate notice does not require preclusion (People v Nardo, 153 AD2d 972, 973; People v Slater, 166 AD2d 828). If defendant moves for details in his omnibus motion such information should be supplied, but preclusion is inappropriate.
Ever since the 1976 amendment to the statute, the People are required to serve their notice within 15 days after defendant’s arraignment unless they can show good cause for the delay (CPL 710.30 [2]), and failure to comply with that requirement will result in preclusion of testimony as to both the *1006 out-of-court identifications and any prospective in-court identification of defendant. The only exception to preclusion would be where a defendant, even without notice, has made a suppression motion which was considered and denied by the trial court, thereby rendering the evidence admissible (see, CPL 710.30 [2], [3]).
In the case at bar, defendant had indeed moved for a Wade hearing in his omnibus motion, which motion had been granted. The hearing was about to commence when defendant first became aware of the prior photo identification. Defendant then moved orally for preclusion. Under such circumstance, the consideration and denial of the suppression motion by the court cannot act to "bootstrap” the prosecution into the statutory exception carved out in CPL 710.30 (3). (People v Miles, supra.)
While not applicable to this case, subdivisions (2) and (3) of the statute are nevertheless informative in determining the intent of that legislation. Implicit in the provisions of subdivisions (2) and (3) is the concept that once a hearing has been held, the purpose of the statute, i.e., to give the defendant timely notice of the possible existence of impermissibly suggestive police procedures in the identification process so that defendant may fully explore them at a hearing, has been accomplished and there is, therefore, no reason for mandatory preclusion as set forth in subdivision (3). Put another way, if the defendant moves for or consents to a hearing, even though no CPL 710.30 (1) (b) notice was given, or if the notice given was deficient in any respect, once the hearing has been held and suppression denied, the defendant has waived the right to have such identification testimony precluded. It follows that the purpose of the notice is to timely alert defendant to seek a hearing in his omnibus motion. The hearing then explores whether the police have done anything which might impermissibly taint the identification testimony at trial. There is no statutory requirement that the notice spell out in detail each possibly impermissive police procedure unless it is intended to be offered at trial. Here the prosecutor informed the defense prior to the hearing that a photo-array had been conducted. There was, therefore, no surprise or prejudice to the defendant at the suppression hearing and in fact, defendant concedes he was not prejudiced at the hearing by the late revelation.
More importantly, the intention of the Legislature, in amending CPL 710.30 in 1976 was to "punish” the People for *1007 causing trial delays and extra court work by their failure to serve a CPL 710.30 notice within 15 days of arraignment. The notice served here was sufficient to satisfy the statutory purpose of alerting the defendant to the need for a Wade hearing and for the court to order one. No delays or prejudice were caused by the omission of the photo identification from the notice. Therefore, preclusion is inappropriate since the evil the 1976 amendment was designed to cure did not exist in this case. Penal statutes should be read according to the fair import of their terms, to promote justice and effect the objects of the law (Penal Law § 5.00).
The strict statutory requirements of notice as to those identifications which the People seek to introduce have been complied with. Accordingly, the maximum fault which can be found with the People is that they failed to comply with the "spirit” of the notice requirement. However, preclusion is a severe statutory sanction, tantamount to dismissal of the indictment in the vast majority of cases, and so should be applied sparingly by the courts, particularly when it conflicts with a literal interpretation of the statute. The court should not expand its reach beyond that granted by the Legislature. Instead, this court believes that a "sanction”, if required, should be fashioned in accordance with the "violation” and appropriate to the damage caused by it. In the instant case, even if the People should have informed defendant of the photo-array identification in their CPL 710.30 notice, the failure to do so should trigger an inquiry at the Wade hearing into whether any prejudice to the defense resulted from the late or missing information. If prejudice did result, then an appropriate sanction could be fashioned, including suppression of the in-court identification. This is the test that violations of constitutional proportions are subject to. Any violations calling for a penalty as severe as preclusion should have been clearly spelled out in the language of the statute. However, the defense herein conceded that no prejudice occurred in the instant case. In fact, no delay occurred either. Therefore, even if notice of the photo-array should have been provided, no sanction was appropriate herein.
The cases cited by the defendant, People v Bernier (73 NY2d 1006, supra), and People v McMullin (70 NY2d 855, supra), are inapposite since they all involve cases where no timely CPL 710.30 notice was given. Equally inapposite are cases where CPL 710.30 notice was given in blank (Matter of Albert B., 79 AD2d 251, 256; People v Palermo, 169 AD2d 787 [2d Dept, Jan. *1008 22, 1991]; People v Fort, 109 Misc 2d 990, supra) since the failure to specify the evidence intended to be offered does not comply with the statutory requirements.
There is not one appellate case which this court has been able to find in which an in-court identification has been precluded where the CPL 710.30 notice specified some but not all of the identification procedures.
defendant’s concession THAT THE CPL 710.30 NOTICE WAS SUFFICIENT AS TO THE LINEUP MEANS IT MUST BE SUFFICIENT AS TO THE IN-COURT IDENTIFICATION AS WELL
The defense concedes that the lineup identification by Bhimdath Singh, for which CPL 710.30 notice was served, should not be precluded at trial. This is a fair concession in light of the parallel case law concerning incomplete CPL 710.30 notice of statements by defendants. (People v Greer, 42 NY2d 170; People v Wright, 127 Misc 2d 885.) In those cases, testimony was admitted as to statements for which notice was served, but precluded for other statements for which notice was not served.
Nevertheless, defendant’s position is illogical and flawed. By conceding that the notice given as to the lineup was sufficient, defendant cannot logically contend that the notice of the potential in-court identification is insufficient for the following reasons:
There is no question that, absent the revelation that there was a preceding photo identification which was not specified in the CPL 710.30 notice, the complaining witness, Bhimdath Singh, would be permitted to make an in-court identification as well as to testify about the lineup. This is so because the same notice triggers the admissibility of both the lineup and the in-court identification. The fact that there may have been a preceding event that was not specified, i.e., the photo identification, does not change the fact that both the in-court and the lineup identifications were noticed. The "unnoticed” identification procedure, the photo-array, preceded both the lineup and the in-court identification. Clearly, if the notice served was sufficient for the defendant to fully contest the propriety of police procedures as to the lineup, the same must be true as to the in-court identification since the missing information was the same for both identifications. Therefore, defendant’s *1009 admission that he received sufficient CPL 710.30 notice as to the lineup is perforce an admission of the sufficiency of the notice as to the in-court identification. He simply cannot argue that it was both sufficient and insufficient at the same time.
When the defendant conceded the obvious, i.e., that the CPL 710.30 notice was sufficient to obviate preclusion of the lineup at trial (subject of course to the court’s ruling after a suppression hearing), he in effect conceded that at trial the People may offer the following evidence: the testimony of the arresting officer that he arrested the defendant at a particular time and place, an in-court identification by the arresting officer that this defendant is the person he arrested at that time and place, that the arresting officer thereafter placed this defendant in a lineup at a particular time and place, that the defendant chose a particular card number and place in the lineup which consisted of this defendant and five fillers, that the photograph of the lineup containing a picture of the defendant holding that particular card number is a fair and accurate representation of the lineup at that time and place, and that thereafter, he had the complaining witness (named in the CPL 710.30 notice) view the lineup through a one-way window; the testimony of the complaining witness that he was summoned to the precinct where he viewed the aforesaid lineup; and that he (the complaining witness) then pointed out the person (that the arresting officer had arrested and placed in the lineup) who was holding the appropriate card number and identified him as the person he saw commit the crime at the time and place of the crime’s occurrence.
Defendant’s argument that the complaining witness cannot then take the next step and point to the defendant in court as being the same person he saw in the lineup or as the person he saw commit the crime is illogical, inconsistent and an exercise in sophistry because the in-court identification at that point is actually redundant. It merely confirms in one step what has already been proven in a number of steps of logical progression. Such bolstering is specifically permitted by CPL 60.25 and CPL 60.30. In other words, by having the police officer identify the defendant in court as the person he arrested and placed in a lineup and then having the complaining witness identify the same person as the perpetrator when he viewed the lineup, the People have made out a direct evidence case against defendant irrespective of any in-court identification by the complaining witness. Therefore, the inclusion of the in-court identification becomes not only redundant, *1010 but harmless as well. The error, even if there were one, would be harmless beyond a reasonable doubt. (People v Crimmins, 36 NY2d 230, 237; People v Taylor, 155 AD2d 630; People v Pinney, 136 AD2d 573, 574.)
It may be appropriate for the Legislature to reconsider the harsh results of preclusion of in-court identification unless notice is served within the statutory time limit of 15 days of arraignment. This "throwback” to strict pleading is precisely the type of evidentiary ruling which the general public rails against. Perhaps that is why courts have been carving out exceptions to the literal wording of CPL 710.30 almost from its inception. Evidence, otherwise admissible, obtained fairly and probative of defendant’s guilt, is nonetheless precluded on a "technicality” irrespective of prejudice. The goals laid out in the 1976 amendment could be more intelligently achieved by precluding "unnoticed” testimony where there has been prejudice to defendant. Otherwise, amendments of CPL 710.30 notice, at least up until the pretrial hearings are held, should be permitted. Such a rule would add virtually no extra time to the case, while guaranteeing that more trials be conducted fairly, on the merits.

. The photographic array was found to be nonsuggestive, as was the lineup.

. This second phrase "a witness who has previously identified him as such”, i.e., the defendant as the perpetrator of the crime, is not redundant, since if the People offer evidence under People v Molineux (168 NY 264) of defendant’s commission of uncharged crimes, notice need not be given even where there has been a previous identification, since the identification is not an identification that defendant committed this crime. (Cf., People v Willsey, 148 AD2d 764, lv denied 74 NY2d 749.)