Leonard L. Finz, J.
The unique issue in this case involves the application of the provisions of CPL 710.30 as it relates to a motion to suppress certain identification evidence during a jury trial in which the prosecutor had not previously given notice, pursuant to that section, of his intention to offer such evidence. In order to clarify the issues involved in the decision herein, it is necessary to set forth at length virtually all of the provisions of CPL 710.30.
‘ ‘ 1. Whenever the people intend to offer at a trial * * (b) testimony identifying a defendant as a person who committed the offense charged, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.
‘ ‘ 2. Such notice must be served before trial, and upon such service the defendant must be accorded reasonable opportunity to move before trial, pursuant to subdivision one of section 710.40, to suppress the specified evidence. For good cause shown, however, the court may permit the people to serve such notice during trial, and in such case it must accord the defendant *271 reasonable opportunity to make a suppression motion during trial pursuant to subdivision two of section 710.40. “3, In the absence of service of notice upon a defendant as prescribed in this .section, no evidence of a kind specified in subdivision one may be received against him upon trial unless he has, despite the lack of such notice, moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible as prescribed in subdivision two of section 710.70.”
In this jury trial charging the defendant with robbery in the first degree, the victim and sole witness for the People testified that the defendant had robbed him at knifepoint. The complainant had identified the defendant prior to the trial, in that, immediately after the commission of the crime, he, the complainant, had gone to the station house in the precinct, returned to the scene of the alleged holdup and indicated the defendant, who was apparently shooting craps with some others, close to the scene of the crime, as one of the perpetrators.
The prosecution proceeded to trial without giving the defendant any notice such as is required by CPL 710.30. • During the trial, it became apparent that the prosecutor intended to offer evidence of identification of the defendant by the complainant, whereupon defense counsel moved to suppress such testimony on the ground that the District Attorney had not given such notice as is required under CPL 710.30 and that he had not shown good cause for his failure to do so. Having conceded that such notice had not been given prior to the trial, the District Attorney urged that in the “ interest of justice ” the omission to give such statutory notice should be waived. The District Attorney argued that, if the identification testimony were suppressed purely as a result of technical default, the indictment in a first degree robbery matter would perforce be dismissed and the defendant discharged. Conversely, defense counsel insisted that his client’s rights would be seriously prejudiced and that the failure to comply literally with the statute mandated the granting of his motion.
The following is the edited decision rendered in open court on what is apparently an issue not previously reported.
DECISION
The time has come when the court must decide this very difficult and sensitive issue. The court has read CPL 710.30 very carefully. In addition, the court has attempted to research the issue within the short period of time allotted during the recess *272 of the trial. I must confess that there is little or no literature addressed to this subject. The court has found no case law specifically in point. The court has read some cases which deal indirectly with other issues, but not squarely with the issue before the court. Therefore, the court must give its own examination and appraisal of the full extent and meaning of CPL 710.30, almost from a ele novo interpretation, in the absence- of anything else which either side has been able to present to the court in the time allotted to research this matter.
CPL 710.30 is an outgrowth of the old section 813-f of the Code of Criminal Procedure, and there are additions which are found in CPL 710.30, not found in section 813-f, alluding to “ good cause shown ”. The purpose of CPL 710.30 as the court sees it, is to afford the opportunity to the defendant to prepare himself for an identification hearing in the event that there will be identification testimony during the course of the trial. What CPL 710.30 in effect does, is to provide the procedural machinery which activates a substantive constitutional right. The procedure contained in CPL 710.30 is quite simple. In substance, it directs that, when the People intend to offer at a trial, any identification testimony, there must be given notice of such intention to the defendant so that the defendant thereafter will have one of two alternatives.
The defendant thereafter can do nothing about that or may decide to stand mute, in which event identification testimony would come in during the course of the trial, or, in the alternative, as the court interprets this statute, the defendant thereafter can move for a hearing to determine the constitutional issue as to whether or not the Fourth Amendment rights of a defendant have been infringed upon contrary to law and, if so, such identification would have to be excluded during the course of the trial.
Now we come to that juncture where such activating procedural machinery was not employed by the prosecutor. If such procedural machinery was not employed by the prosecutor, obviously the next logical step would be that it did not activate the hearing process which would decide the constitutional rights of this defendant. There is a provision under CPL 710.30 (subd. 2) which does provide for an alternative: — that in the event such procedure was not employed before trial, then the prosecutor, for good cause shown, may make such an application for the holding of the hearing during the course of the trial.
The court has wrestled with this term 61 for good cause shown ”. It has found nothing to indicate what the Legislature *273 intended. The court is also mindful of the commentary of Richard Denzer, contained in McKinney’s (McKinney’s Cons. Laws of N. Y., Book 11A, CPL 710.30, p. 283), where Mr. Denzer refers to 11 unusual circumstances ’ ’.
It is the attitude of the court that the entire purpose of this statute was to eliminate the question of surprise to a defendant and to give the opportunity to the defendant to proceed on the substantive issues involved in a hearing to determine whether or not his constitutional rights were infringed upon. I do not believe that it was the intention of the Legislature to have a procedural section serve as a basis of removing the substantive rights of the People. However, if the failure to utilize the machinery properly removes the substantive rights of the defendant, then the court has no alternative but to grant the motion.
The court must determine whether or not the substantive rights of the defendant have in fact, and in law, been removed by the failure of the District Attorney to follow properly the edicts and the mandates of this procedural section, CPL 710.30. In order to determine that, the court must determine whether or not a hearing held at this juncture would so prejudice this defendant as to remove his substantive rights. The attorney for the defendant raises the question of prejudice on the ground that under other circumstances, were the hearing held prior to trial, he would be entitled to a complete transcript of those proceedings so that the transcript could be used for purposes of the defense interrogation or cross-examination during the course of the trial.
The court agrees that to that extent, the defendant would be prejudiced; but prejudice in and of itself is not sufficient for a court to find that this indictment in essence should be dismissed. (Absent the identification, the prosecution must fail.) In order to determine the issue of prejudice, the court must weigh the prejudice, on the one hand, and what the other circumstances are, on the other hand, and the court must make the determination that the prejudice far outweighs any other consideration to the extent that it would be a denial of a fair trial and a denial of the constitutional rights of this defendant to proceed further. The court has made such a weighing and has placed the issue on both pans of the scale and, in determining whether or not the . prejudice in not having the use of a transcript of a hearing on the one hand, as opposed to the dismissal of an indictment and the denial of the ability of the People to proceed to trial on this indictment on the other hand, the court finds that such preju *274 dice would not be of such a nature as to direct the court to grant the motion to suppress on the issue of prejudice.
If that is the sole issue raised, then the court shall direct that the hearing be held to determine the question of prejudice and, if a record is further neededby the defendant, the court shall direct that defendant have a transcript of the hearing and the court shall recess and direct an immediate copy of the record be made available to defendant so that he can use it for purposes of cross-examination of the witness. It is recognized full well that perhaps that may delay the course of the trial, but if there is something that is felt to be absolutely necessary in a proper defense, the court would be prepared to do that, recognizing the other sacrifices that would be necessary in the completion of that task. So that the court finds, on the issue of prejudice, that if the argument that is raised is solely predicated upon the right to the record, I believe that that can be transacted to the satisfaction of justice and to the satisfaction of fairness.
In the absence of any decisional authority or any other authority with respect to what “ good cause shown ” means, the court must interpret that to suggest that good cause shown falls within the discretion of the court. The court in using all of the circumstances of this application and all of the circumstances of the case, finds that the elements of good cause shown would be sufficient for the purpose of calling for this immediate identification hearing. Once again, the court urges that the procedural devices or the procedure set forth in CPL 710.30 refers to a manner in which something is to come about.
It is suggested that the fact that that procedure has not been specifically carried out, should not in and of itself, absent any other consideration, cause an absolute granting of the motion to strike the testimony of the witness, recognizing full well, that without such testimony, the indictment would have to be dismissed.
I cannot believe that that was the intention of the Legislature and, therefore, I must give an interpretation to this statute to the extent that it is merely an activating procedure guaranteeing a substantive right.
I am now giving the substantive right to this defendant, to which he is entitled, and that substantive right is to make the determination as to whether or not his constitutional rights were violated by any identification process. The procedure set forth in the CPL is in form only; the substantive constitutional right which is activated by this procedure is now being given to this defendant. Therefore this defendant cannot complain *275 at this juncture that he has been denied a constitutional or substantive right. Under those circumstances, it is the judgment of this court that a Wade hearing (388 U. S. 218 et seq.) be held forthwith.
By this process the court will then make the determination as to whether or not the constitutional rights of this defendant were infringed upon, and whether or not the constitutional rights of this defendant were so impeded as to warrant the determination that all identification testimony must be excluded. On the other hand, should the court find that the out-of-court identification was not in violation of the constitutional rights of this defendant nor impermissibly suggested by any police authority or any other authority, and that in all regards the constitutional rights of this defendant were protected in a proper and lawful identification, then I will permit identification testimony, and the motion, therefore, would be denied.
In addressing itself to the immediate motion, the application and motion to strike the testimony of the witness Jackson is denied. The application and motion of the District Attorney for an immediate Wade or identification hearing at this juncture is granted and the court directs that the motion proceed toward a hearing forthwith.