OPINION OF THE COURT
Mathilde C. Bersani, J.
The question before this court is whether a District Attorney’s “blank notice” of intention to use identification evidence at trial meets the minimum requirements of CPL 710.30.
On April 20, 1981, the defendant was arraigned on the charge of criminal possession of stolen property in the third degree (Penal Law, § 165.40). The District Attorney served the defendant a notice of intention to use identification evidence at trial. This notice, dated April 17, 1981, specified that “the evidence will consist of testimony regarding an observation of the Defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him.”
*991 On June 8, 1981, the defendant made an omnibus motion, which included a request for an order excluding the above-described identification testimony on the grounds that the District Attorney’s notice of intention fell short of the statutory requirements of CPL 710.30, in that it did not specify the evidence to be offered.
The issues that must be settled by this court are: First, whether a “blank notice” meets the requisite specificity contemplated by the Legislature that enacted CPL 710.30; and, second, if the notice is defective, whether this court should allow the District Attorney to amend the notice. Due to the frequent use of this type of notice by the District Attorney’s office, this court believes that a permanent resolution of these issues is imperative.
CPL 710.30 provides, in pertinent part:
“1. Whenever the people intend to offer at trial *** (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.
“2. Such notice must be served within fifteen days after arraignment and before the trial, and upon such service the defendant must be accorded reasonable opportunity to move before trial, pursuant to subdivision one of section 710.40, to suppress the specified evidence. For good cause shown, however, the court may permit the people to serve such notice thereafter and in such case it must accord the defendant reasonable opportunity thereafter to make a suppression motion.”
Any contention that the District Attorney’s “blank notice” of intention to use identification evidence at trial meets the requisite specificity of CPL 710.30 (subd 1, par [b]) is inconsistent with a careful reading of that provision of the statute. The District Attorney’s notice gives a description of the identification evidence in question that is merely a word-for-word reproduction of the characterization of identification evidence found in CPL 710.30 (subd 1, par [b]). Logically, the Legislature must have desired *992 greater detail because the statute contains additional language, requiring a notice of intention “specifying the evidence intended to be offered.” Thus, use of a “blank notice” of intention to use identification evidence is not sufficient for the purposes of CPL 710.30 (subd 1, par [b]).
The District Attorney’s answer in opposition to the defendant’s motion to exclude the identification evidence in question makes obvious the problems inherent in a prosecutor’s use of “blank” CPL 710.30 notices. First, the District Attorney contends that the notice provided satisfies the specificity requirement of CPL 710.30 (subd 1); and, second, it is suggested that any further information regarding this evidence is more appropriately sought by a motion for discovery. The catch, of course, as the District Attorney points out, is that the defendant is precluded from requesting further discovery because any such request would occur beyond the 45-day time limit for motions, which is prescribed in CPL 255.20. “In the interest of justice”, however, the District Attorney in his answering affidavit reveals the date of the initial identification and that fact that the identification was made by means of a photo lineup.
Clearly, this means of obtaining information regarding the identification of a defendant by a witness who will testify at trial was not contemplated by the Legislature that enacted CPL 710.30. This statute, apparently part of a legislative response to the problem of suggestive and misleading pretrial identification procedures treated by the United States Supreme Court in United States v Wade (338 US 218) and Gilbert v California (388 US 263), was designed to provide defendants in criminal matters with adequate opportunity to intelligently prepare their cases under conditions conducive to an ultimate establishment of the truth. (See People v Briggs, 38 NY2d 319, 323; People v Mallard, 79 Misc 2d 270, 273; People v Utley, 77 Misc 2d 86, 96; see, generally, Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL art 710, pp 263-264.)
In addition, when one examines the entire CPL article 710, it becomes apparent that the Legislature contemplated an orderly procedure for disposition of suppression *993 motions. (People v Slater, 53 AD2d 41, 43.) Requiring a defendant to make a motion to discover following notice of some identification evidence in the possession of the District Attorney not only upsets this procedure (see People v Davis, County Ct, Onondaga County, Oct. 15, 1980, Gale, J.), but also adds an unnecessary encumbrance upon an already overburdened criminal justice system.
Furthermore, an important aspect of this procedure is that the defendant carries the burden of properly challenging an unconstitutionally performed identification procedure. The vehicle for this challenge, the motion to suppress, must conform to the requirements of CPL 710.60 (subd 1), in that the moving papers “must state the ground or grounds of the motion and must contain sworn allegations of fact, whether of the defendant or of another person or persons, supporting such grounds.” Without an adequate demonstration of supporting facts in the defendant’s moving papers, the court may summarily deny the motion to suppress in a pretrial stage. (See CPL 710.60, subd 3; People v Allweiss, 48 NY2d 40, 49 [indicating that a motion to suppress must contain, at least, enough factual support for the contention that the identification procedure was suggestive].) Clearly, a “blank notice” such as the one served by the District Attorney in the case at bar cannot possibly provide a defendant with enough factual information to make a proper suppression motion. This is especially true in this case because the identification was conducted by means of a photo lineup at which the defendant was not present and, therefore, could not possibly have any personal knowledge of its having taken place. Thus, use of a “blank” form notice of intention to use identification evidence at trial cannot be held to be consistent with the recognized and proper procedure for disposition of motions to suppress this type of evidence.
In order to avoid any further misinterpretation of CPL 710.30, this court will explain the degree of specificity that will be expected in future 710.30 notices. “The word ‘specify’ means ‘precise’; the use of that word dictates a detailed settlement of particulars to distinguish from other things.” (People v Utley, 77 Misc 2d 86, 95, supra.) One may reasonably interpret the statute as requiring notice that provides *994 the facts and circumstances of the previous identification. Accordingly, in order to comply with the specificity requirement of CPL 710.30 (subd 1), notices of intention to use identification evidence at trial must contain, at a minimum, the name of the witness who made the previous identification, the time and place of the identification, and the manner in which the identification was conducted.
Of course, should any of this information be unavailable to the District Attorney’s office within 15 days after arraignment, failure to provide proper notice may be excused. CPL 710.30 (subd 2) provides that, for good cause shown, the District Attorney may be permitted to serve late notice. In such a case, the defendant will be given reasonable opportunity to make a motion to suppress; i.e., the court will extend the 45-day limit for motions mandated by CPL 255.20. (See CPL 710.30, subd 2.)
The purpose of having, in the absence of “good cause,” a 15-day limit for service of notice is to prevent prosecutors from following the “eleventh hour” practice of serving notice immediately before trial, leaving the defense counsel ill-prepared. (Matter of Damon R., 105 Misc 2d 380, 381.) What exactly constitutes “good cause” is apparently left to the discretion of the court. One may reasonably conclude, however, that by “good cause”, the statute refers only to “unusual circumstances.” (People v Briggs, 38 NY2d 319, 324, supra.) In the case at bar, the District Attorney failed to provide proper notice because he mistakenly believed that the information left out of the notice was more appropriately sought by the defendant through a motion for discovery. The weight of authority indicates that this omission is not consistent with the types of unusual circumstances that would permit a prosecutor either to supply late notice or to amend an earlier, inadequate notice. Furthermore, given that the “blank notice” was dated three days prior to the date of arraignment, it is apparent that only rarely will the District Attorney’s office have less than the required information regarding identification evidence within 15 days after arraignment. Thus, in most cases, the District Attorney cannot be permitted to amend a “blank notice” after these 15 days have passed.
*995 This court has not previously addressed the sufficiency of the District Attorney’s “blank notice of identification” and, therefore, would choose not to employ the sanction of preclusion at this time. Accordingly, the District Attorney is ordered to supply the defendant with whatever information that would be necessary in a complete, proper notice. Henceforth, this court will require compliance with the plain meaning of CPL 710.30 as articulated herein.
The defendant’s motion to exclude identification evidence is denied.