(April 26, 1990)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAVOD JONES, Appellant.—Judgment, Supreme Court, New York County (Eve Preminger, J.), rendered on January 29, 1987, convicting defendant, after a jury trial, of attempted murder in the second degree and sentencing him, as a juvenile offender, to an indeterminate term of imprisonment of from 3⅓ to 10 years, is unanimously affirmed.

In this prosecution for the attempted murder of a police officer, the trial court did not deprive defendant of his right to a trial by an impartial jury when it refused to disqualify a juror who had viewed a television account of this highly publicized case. Following a probing and tactful inquiry by the court, the juror unequivocally assured the court that she would decide the case solely on the evidence and free from any effect of bias *(see, People v Buford,* 69 NY2d 290, 299; *People v Genovese,* 10 NY2d 478, 481; *People v Costello,* 104 AD2d 947). Nor was defendant deprived of a fair trial by reason of the inadvertent disclosure of the contents of a written statement implicating defendant as the shooter which the People's witness White gave to the police on the night of the incident. Timely objection to the disclosure was not taken by defendant, who made no claim of a violation of CPL 60.35 until after summations. Indeed, considerable evidence concerning the circumstances surrounding the making of the statement, and which tended to disclose its contents, was elicited by defendant himself in an effort to convince the jury that both the statement and White's in-court testimony were

motivated by a desire to exculpate White's cousin and inculpate defendant as the shooter. In any event, appropriate limiting instructions were provided to the jury. Finally, the trial court did not err in denying defendant's motion to suppress the lineup identification without a hearing. The motion was made and decided prior to November 1, 1986 under CPL 710.60 (3) (former [b]), which required sworn allegations of fact sufficient to warrant suppression as a matter of law. Defendant's motion did not satisfy this statutory requirement *(People v Drake,* 141 AD2d 560, *lv denied* 72 NY2d 911; *People v Thompson,* 129 AD2d 655). Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.