■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD PALERMO, Respondent.—Appeal by the People from an order of the County Court, Suffolk County (Hurley, J.), entered July 14, 1989, which granted the defendant's motion to suppress identification testimony.

Ordered that the order is affirmed.

The defendant was indicted for burglary in the second degree. The People subsequently served him with a pre-printed form notice pursuant to CPL 710.30, that "at the trial of the above entitled action, the People will offer testimony identifying the defendant as a person who committed ⋅the offense charged, such testimony to be given by a witness who has previously identified him as such".

The defendant, arguing that the People's CPL 710.30 notice did not specify the evidence to be offered, as required by the statute, moved to preclude the People from presenting any in-court identification of him by any person who had previously identified him as the person who had committed the offense charged.

The County Court granted the defendant's motion, and we now affirm. The blank form notice used by the People "is insufficient to fulfill due process and statutory requirements" *(Matter of Albert B.,* 79 AD2d 251, 256; *see also, People v Rivera,* 73 AD2d 528, *affd* 53 NY2d 1005). Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.