■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW WILLIAMS, Also Known as ANDREW WEEMS, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J., at suppression hearing and trial), rendered March 4, 1985, convicting defendant, after a jury trial, of five counts of robbery in the first degree and one count of rape in the first degree, and sentencing him, as a second felony offender, to five concurrent terms of imprisonment of 6 to 12 years for the robberies, and a consecutive term of from 9 to 18 years for the rape, unanimously affirmed.

On appeal, defendant contends that statements he made at the time of arrest should have been suppressed. Although the

court did not suppress the statements as having been obtained in violation of defendant's constitutional rights, it did preclude the introduction of the statements at trial, as it did any of the circumstances of defendant's arrest, finding that their prejudice to defendant outweighed their probative value. Thus, defendant's claim is entirely academic. Nor was it error to deny defendant's motion to suppress physical evidence and identification testimony without a hearing. Defendant's motion was made and decided under CPL 710.60 (3) (former [b]), which at that time required sworn allegations of fact sufficient to warrant suppression as a matter of law. Defendant's moving papers failed to satisfy this requirement, and therefore summary denial was appropriate *(People v Jones,* 160 AD2d 613, *lv denied* 76 NY2d 790). Concur—Murphy, P. J., Rosenberger, Ellerin, Kupferman and Kassal, JJ.