OPINION OF THE COURT
Robert G. Seewald, J.
Defendant’s motion to suppress the eyewitness’s identification testimony upon the sole alleged ground that the People’s CPL 710.30 (1) (b) notice was insufficient is denied.
Defendant, who concedes that he was in fact served with the *464 People’s "710 notice” upon his arraignment on the indictment —and thus there is no issue of untimeliness (compare, People v McMullin, 70 NY2d 855) — maintains that the aforesaid "notice is more akin to a 'blank notice’ ” because it omits the name of the identifying witness and, therefore, the People failed to comply with the statute. The court does not agree.
In People v Palermo (169 AD2d 787), the Appellate Division, Second Department, held that a preprinted CPL 710.30 notice form which merely recites that " 'at the trial of the above entitled action, the People will offer testimony identifying the defendant as a person who committed the offense charged, such testimony to be given by a witness who has previously identified him as such’ ” is nothing more than a blank form notice, which " 'is insufficient to fulfill due process and statutory requirements’ ” (contra, People v Rutledge, 150 Misc 2d 948). However, in marked contrast to the Palermo case, the "710 notice” here specifically apprised the defendant of the date, time and place of the witness’s identification and, in addition, the particular pretrial identification procedures conducted (i.e., photo array and lineup identification) by a named police detective.
Thus, not surprisingly, the same appellate tribunal that had decided Palermo (supra) subsequently held that a notice, such as the one challenged here, which specifically informs the defendant of the date, time, place and manner of identification is clearly distinguishable from the blank form notice in Palermo and, more importantly, is sufficient to satisfy the statute (see, People v Ocasio, 183 AD2d 921, affg 146 Misc 2d 688), even if the notice erroneously states the wrong name of the witness, which had occurred in the Ocasio case. Defendant’s attack on the sufficiency of the notice is therefore groundless.
In any event, although it is familiar law that "[w]hen a witness identifies a defendant out of court, CPL 710.30 requires that if the People intend to have the witness identify the defendant at trial, they must serve upon the defendant a notice of their intention to use identification testimony within 15 days of arraignment” (People v McMullin, 70 NY2d, supra, at 856), the legislative intent underlying the amendment of this section (in 1976) is not readily gleaned from the statute. However, the reason for the stringent requirement that the People serve the aforementioned notice within 15 days of the defendant’s arraignment was subsequently explained by the Court of Appeals in People v O’Doherty (70 NY2d 479, 488): "Although CPL 710.30 retains as its central purpose that of *465 providing a defendant with the opportunity to obtain a pretrial ruling on the admissibility of statements to be used against him, the 1976 amendment was designed to serve an ancillary goal — the orderly, swift and efficient determination of pretrial motions. The impetus for the amendment was the enactment of article 255 of the Criminal Procedure Law (L 1974, ch 763, § 1), the omnibus pretrial motion provisions which sought to impose order and speed on pretrial motion practice by requiring the defendant to make substantially all pretrial motions at one time, on one set of papers before one Judge, within 45 days after arraignment * * * Until the 1976 amendment, however, these goals were compromised by the prosecutor’s ability under CPL 710.30 to serve a notice on defendant at any time before trial, which triggered the defendant’s right to make an additional pretrial motion, requiring a hearing and resulting in additional delay. It was to alleviate this problem that the 1976 amendments to CPL 710.30, requiring notice to defendant within 15 days after arraignment, along with conforming changes to CPL 255.20 and CPL 700.70, were proposed”.
As noted earlier, however, defendant does not argue that he was not timely served with the identification notice after his arraignment on the indictment. Rather, the issue squarely presented for determination in view of the O’Doherty (70 NY2d, supra, at 488) opinion is whether the People’s failure to state the name of the single identifying witness on the "710 notice” in the case at bar served to effectively preclude the defendant from making a pretrial motion to suppress the identification testimony within the 45-day time period prescribed by CPL 255.20, notwithstanding the fact that said notice had specifically advised him of the date, time and place of the out-of-court identification, including the particular procedures conducted.
Concededly, had the issue arisen prior to the 1986 amendment of CPL 710.60 (3) (b), an argument for suppression of the identification testimony could have been made. Specifically, since the statute, as originally enacted, empowered the court to summarily deny an application to suppress identification testimony if "[t]he sworn allegations of fact do not as a matter of law support the ground alleged” (CPL 710.60 [3] [former (b)], a defendant would have undoubtedly asserted that a "710” notice which omitted the identifying witness’s name did not provide him with enough factual information to make a proper suppression motion. The argument, however, as well as *466 the defendant’s reliance on People v Fort (109 Misc 2d 990 [1981]), has been completely rendered academic by reason of the 1986 amendment of CPL 710.60 (3) (b), because "[t]he amendment to subdivision three * * * relieves the defense of the burden of alleging a factual basis for the legal ground stated when making a motion for suppression of potential trial identification testimony on a claim that it is tainted by improperly conducted identification procedures utilized in the investigation” (Preiser, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 710.60, 1992 Pocket Part, at 132).
"Although there was no legislative memorandum submitted with this Senate Rules Committee bill, the rationale for the amendment most probably stems from the fact that in many cases the defendant is not in a position to know whether challengeable identification techniques were employed” (id., at 132).
It is clear, therefore, that in view of the 1986 amendment of CPL 710.60 (3) (b), the People’s omission of the name of the identifying witness from their timely served "710” notice had absolutely no effect whatsoever on the defendant’s ability to timely move (see, CPL 255.20) for suppression of the identification testimony, since "[t]he effect of the amendment was to eliminate summary denial of Wade hearings on the ground that defendant had not pleaded sufficient facts” (People v Rodriguez, 79 NY2d 445, 453). Nor does defense counsel argue otherwise.
In other words, a Wade hearing is now virtually automatically granted to a defendant upon a timely application and, most significantly, without the necessity of alleging a single fact (see, People v Rodriguez, 79 NY2d, supra, at 453). Indeed, summary denial is only apparently permitted in the limited situation discussed in People v Wharton (74 NY2d 921) — a confirmatory identification by an undercover officer — which is not the case here. However, even in regard to the confirmatory identification exception, it should be noted, parenthetically, that where the identification is made by a civilian witness who, allegedly, had previously seen the perpetrator on numerous prior occasions, a defendant may still be entitled to a Wade hearing without demonstrating a factual basis in support of the application, as illustrated by the recently decided Court of Appeals case of People v Rodriguez (79 NY2d 445, supra). But in this case the People do not allege a prior familiarity between the witness and the defendant. More *467 importantly, the court has granted the defendant’s alternative request for a Wade hearing (discussed infra, at 468).
Lastly, in support of his solitary position that the People’s omission to disclose the name of the identifying witness on the "710 notice” form renders the notice fatally defective, defense counsel erroneously asserts that in the case of People v Hilton (147 Misc 2d 200) the court "held that the People, in their notice, were required to furnish the name of the witness and they could only be excused from doing so where the witness was identified as the complainant and the complainant was named in the indictment”. Although the Hilton court did in fact conclude that the People’s omission of the single identifying witness’s name from the "710 notice” was excusable because her identity was disclosed in the accompanying felony complaint and, moreover, she was the sole identifying witness, the court also explicitly stated that it "expressed] no view on what [its] ruling would be had there been more than one identifying witness, or had the identifying witness been someone other than the complainant” (People v Hilton, 147 Misc 2d, supra, at 206 [emphasis supplied]).
While the Hilton court subsequently did state that the "better practice is to name the identifying witness in the CPL 710.30 notice” (supra, at 207 [emphasis supplied]), surely the plain and unambiguous language (i.e., "better practice”) can neither be read nor interpreted as embracing the sweeping proposition that such disclosure is required, as defense counsel contends. That early disclosure of the name of the identifying witness would indeed be useful to the defendant in preparing his case for trial surely cannot be denied; however, to suggest that a "710 notice” that withholds that information prevents a defendant from timely seeking a Wade hearing is rejected for the reasons stated above (compare, People v Hilton, 147 Misc 2d, supra, at 206-207).
The other case relied upon by counsel, People v Fort (109 Misc 2d 990, supra), decided in 1981, involved a "blank notice” and thus it is clearly factually inapposite to the issue at bar (see, People v Ocasio, supra). Moreover, although the Fort court opined that a proper "710 notice” must contain, inter alla, the name of the identifying witness, a most critical point is that the decision was predicated on the existing statute as it then read prior to its amendment in 1986. Specifically, the court duly noted that if a defendant’s moving papers do not contain sufficient facts in support of his application to suppress the witness’s identification testimony, "the court may summarily *468 deny the motion to suppress in a pretrial stage.” (People v Fort, 109 Misc 2d, supra, at 993; see, People v Jones, 160 AD2d 613, 614 [1st Dept], lv denied 76 NY2d 790.) Thus, clearly mindful and influenced by CPL 710.60 (1) and (3) (b) as originally enacted, the Fort court concluded that "a 'blank notice’ * * * cannot * * * provide a defendant with enough factual information to make a proper suppression motion” (supra, at 993).
But, as discussed above, the statute was amended in 1986 to eliminate summary denial where no (or insufficient) facts are alleged (see, People v Rodriguez, 79 NY2d, supra, at 453) and, therefore, that aspect of the Fort opinion (supra) is plainly no longer viable.
Accordingly, since the "710 notice” served by the People upon the defendant in this case did not frustrate or otherwise impair defense counsel’s ability to timely and effectively move to suppress the identification testimony, defendant’s motion must be denied. Indeed, as noted in the court’s prior written decision (dated June 12,1992), defendant’s alternative application for a Wade hearing has been granted.