*1012 OPINION OF THE COURT
Steven W. Fisher, J.
The principal issue presented on these motions to preclude and suppress involves the extent to which CPL 710.30 (1) (b) requires that a defendant be notified of the number of identification witnesses the prosecution intends to call at trial.
On April 12, 1993, the defendants were jointly indicted for murder and other crimes arising out of the death of Edward Handler. At arraignment, each defendant was served with a CPL 710.30 (1) (b) notice which asserted that "the People intend to offer at trial the testimony of a witness who has identified the defendant in the following manner: — photo ARRAY MARCH 20, 1993 — LINEUP MARCH 22, 1993 AT 105 PRECINCT” (emphasis supplied).
The notice served upon defendant Cox bore the additional notation: "conformatory identification march 30, 1993.” Subsequently, defendant Robinson moved, inter alla, to suppress the identification testimony of "the viewing witness.” Defendant Cox filed an omnibus motion in which it was alleged, inter alla, that he had "received notice that a witness viewed a lineup * * * [and] identified [him] as one of the perpetrators.” Cox moved "to suppress any in-court testimony by the above-mentioned witness which would identify the defendant as the perpetrator of the crimes charged.”
In response, the prosecutor asserted: "It is the People’s position that, under the totality of the circumstances, the pretrial identification procedures were not unnecessarily suggestive nor was there a substantial likelihood of irreparable misidentification. It is the People’s contention that the defendant was positively identified in separate line-ups which were conducted at the 105th Precinct.”
Additionally, in their answer to defendant Cox’s motion, the People alleged that "the defendant was further identified by Patricia Kochman, to whom he was well known and by whom he was called 'Skippy’.” The People consented to a Wade[1] hearing for both defendants and to a Rodriguez[2] hearing for defendant Cox.
On April 8, 1994, when the case was called for the purpose of fixing a date for the hearings, the prosecutor, who had successfully resisted all prior defense efforts to compel disclo *1013 sure of the names of witnesses, announced that the People would produce at the hearing three civilian eyewitnesses: Robert Vitale, Nicholas Gladd and Patricia Kochman.
According to the prosecutor, Vitale and Gladd had each been shown photo arrays. Vitale had identified Cox’s photograph but not Robinson’s, while Gladd had identified Robinson’s photograph but not Cox’s. Thereafter, Vitale had identified both defendants in separate lineups, and Patricia Koch-man had made a confirmatory identification of defendant Cox.
On April 22, 1994, the hearings began. When the People called Nicholas Gladd as their first witness, counsel for Robinson asked the court to inquire of the prosecutor as to "whether or not the witness who is now in the courtroom is the witness whose identifications are reflected in the [710.30 (1) (b)] notice.”
When reminded of the prosecutor’s earlier assertions that three witnesses had made identifications, counsel replied:
"Yes, I was aware of that, but what witnesses identified the [defendant] and what identification * * * the People intend to use at trial may well be two different things.
"The notice I received of their intention to use identification testimony * * * reflects that a witness identified [the defendant] at a photo array on March 20 and lineup March 22. There is no reflection of their intention to use anything other than a witness’ identification.
"So I am asking the court to inquire of the District Attorney whether or not this is the witness who is reflected in the * * * notice, because clearly there is only one.”
Counsel for defendant Cox joined in the application. The prosecutor simply objected to it as untimely.
The court declined to address the issue further because the defendants, having earlier received permission to be absent during the testimony of Mr. Gladd, were not in this courtroom. Instead, the court ordered that the hearing proceed and held that the participation of defense counsel would not constitute a waiver of any objections to the adequacy of the identification notice (cf., CPL 710.30 [3]).
At the hearing, the People called the three civilian witnesses and two detectives. Nicholas Gladd testified that he had been shown two photo arrays and that in one he had identified a photograph of a man he later learned to be Amiri Robinson. He claimed to have selected a photograph from the other array as well but he was not sure if the person depicted *1014 was one of the perpetrators. The detective who showed Mr. Gladd the arrays testified that Gladd had selected defendant Robinson’s photograph from one array but had failed to identify defendant Cox’s photograph in the other.
Patricia Kochman testified that she knew defendant Cox by the name "Skippy” and had seen him frequently over a period of at least six months prior to the incident. She knew where and with whom he lived, she knew the places he frequented, and she had been to his home. She testified that she had been a drug user at the time she knew "Skippy” and that he had been a drug dealer who used the deceased as a "runner.” Ms. Kochman testified that she had identified a photograph of "Skippy” shown to her by a detective at the 105th Precinct. The prosecutor asserted, however, that he could find no detective who remembers having shown any photograph of defendant Cox to Ms. Kochman.
Robert Vitale testified that he had been shown two photo arrays and had selected one photograph from each. The detective who showed the arrays to Mr. Vitale testified that Vitale had selected defendant Cox’s photograph from one array but had failed to identify defendant Robinson’s in the other. Both Mr. Vitale and the detective testified that Vitale had subsequently identified both defendants in separate lineups.
On these motions, the defendants contend that the identification notices they received are defective because they fail accurately to state the number of identification witnesses the People intend to call at trial.
The People respond that CPL 710.30 (1) (b) is not a discovery provision and that identification notice is sufficient if it satisfies the underlying statutory purpose of alerting the defense to the prosecution’s intention to offer identification testimony at trial so as to allow the timely filing of a motion to suppress. The People reason that, since both defendants here did move to suppress, the notices served upon them must be found sufficient.
It is certainly true that the statute’s primary purpose is to provide the defendant, who might otherwise be unaware, with notice that the People possess and intend to offer identification testimony, and thereby to allow the defendant to test the reliability of such testimony before trial (see, People v White, 73 NY2d 468, 474, cert denied 493 US 859).
But the statute was also designed to serve the ancillary goal of promoting "the orderly, swift and efficient determination of *1015 pretrial motions” (People v O’Doherty, 70 NY2d 479, 488). To that end, the statute provides not only that the notice must inform the defendant of the People’s intention to offer identification testimony but also that it must "specify [ ] the evidence intended to be offered” (CPL 710.30 [1]).
Although the full extent of this obligation to specify has never been authoritatively defined, it seems clear, for example, that a "blank” notice which simply tracks the language of the statute is insufficient (see, e.g., People v Palermo, 169 AD2d 787 [2d Dept]; but see, People v Rutledge, 150 Misc 2d 948 [Monroe County Ct, Egan, J.]).
At least one court has gone so far as to suggest that an identification notice must contain, at a minimum, the name of the identifying witness (see, People v Fort, 109 Misc 2d 990 [Syracuse City Ct, Bersani, J.]). I respectfully disagree.
Although it has been said that naming the witness in an appropriate case is the better practice (see, e.g., People v Hilton, 147 Misc 2d 200, 207 [Sup Ct, Queens County, Fisher, J.]), the failure to do so does not necessarily render an identification notice fatally deficient (see, e.g., People v Rodriguez, 156 Misc 2d 949 [Sup Ct, Bronx County, Globerman, J.]; People v Mena, 155 Misc 2d 463 [Sup Ct, Bronx County, Seewald, J.]). This is so because there are cases in which a District Attorney may have legitimate concern that the early disclosure of an identifying witness’s name might compromise the witness’s safety, and the prosecutor cannot be expected to secure a protective order before the expiration of the 15-day period for service of the notice (see, CPL 240.50).
In contrast, no similarly compelling reason has been offered for allowing the prosecutor to shield from the defense the number of identifying witnesses the People intend to call at trial (see, e.g., People v Benane, NYLJ, May 31, 1991, at 22, col 5 [Sup Ct, NY County, Williams, J.]). Indeed, in the case at bar, the number of witnesses was not merely withheld, it was misstated.
In unambiguous terms, each of the notices at issue here declared that the People intended to offer at trial the testimony of "a witness” who had previously identified the defendant. A plain reading of that language supports the conclusion, evidently drawn by the defendants here, that each notice referred to one and only one witness.
The essence of the People’s argument, however, rests not on the language of the notice but on what they see as the *1016 purpose of the statute. They maintain in effect that, consistent with that purpose, notice of an intention to call "a witness” should be held sufficient to alert a defendant that the People may seek to present identification testimony from one witness, or two witnesses, or 10, and that the statute was never meant to inform the defendant of how many witnesses there are or in which of the listed identification procedures they participated.[3]
In light of the statutory command that the notice specify the evidence intended to be offered, I decline to adopt that restrictive view of the purpose of the notice provision. Instead, I conclude that the defendants were entitled to be notified that the People intended to offer identification testimony from more than one witness and that the notices served here were inadequate to apprise them of that fact (cf., People v Costanzo, NYU, June 12, 1992, at 26, col 4 [Crim Ct, Richmond County, Goldberg, J.]).
It has been said that the legal sufficiency of a notice containing incomplete or inexact information turns on whether the difference between the information provided and the evidence sought to be adduced is such as to frustrate the defendant’s opportunity to fashion an appropriate defense (see, e.g., People v Canute, 190 AD2d 745, 746 [2d Dept], lv denied 81 NY2d 968, supra; People v Hilton, supra, at 206-207; cf., People v Ludolph, 63 AD2d 77, 81 [4th Dept]). In my view, a discrepancy between the number of witnesses specified in an identification notice and the number of identification witnesses actually to be called at trial may well impair a defendant’s ability to prepare an appropriate defense. I hold therefore that each of the notices served in this case was insufficient as to any witness other than the single eyewitness to which it referred.
Moreover, I reject the People’s contention that even if the motions here have merit they should be rejected as untimely. When a CPL 710.30 (1) (b) notice is served and informs the defendant of the People’s intention to introduce identification testimony from one witness, the defense is under no obligation *1017 to move to preclude identification testimony from any other witness unless and until the People reveal an intent to call more than one identification witness at trial. The defendants here relied on the notices they received and timely moved to preclude when they discovered that, contrary to the plain wording of those notices, the People intended to offer identification testimony from more than one witness.
Having decided, then, that the motions to preclude were timely and that the identification notices were sufficient only as to one witness, I turn to the issue of appropriate relief.
I am persuaded from my evaluation of the testimony of Patricia Kochman that she had a prior familiarity with defendant Cox sufficient to make her identification of him virtually invulnerable to police suggestion and therefore confirmatory only (see, e.g., People v Rodriguez, 79 NY2d 445; cf., People v Breland, 83 NY2d 286). Since a CPL 710.30 (1) (b) notice need not be served for confirmatory identifications (see, e.g., People v Tas, 51 NY2d 915; People v Gissendanner, 48 NY2d 543), I hold that any deficiency in the notice served upon defendant Cox does not affect the admissibility of Ms. Kochman’s potential identification testimony (see, People v Laurey, 163 AD2d 742 [3d Dept], lv denied 76 NY2d 941).
With respect to the other witnesses, the undisputed evidence reveals that Nicholas Gladd never viewed a lineup. On the other hand, Robert Vitale testified that he had identified each defendant in a photo array on March 20, 1993, and in a lineup two days later. Since the notices assert the People’s intention to offer at trial the identification testimony of a witness who had identified each defendant in a photo array on March 20, 1993, and in a lineup on March 22, 1993, it is reasonable to conclude that Robert Vitale was the witness for whom timely and sufficient notice was given.
Consequently, I hold that the motion to preclude Gladd’s identification testimony must be granted for failure to serve a proper CPL 710.30 notice, but that the motion to preclude Vitale’s testimony must be denied.
On the further issue of whether Vitale’s identification testimony should be suppressed on constitutional grounds, I find that the photo and lineup procedures were fair and completely lacking in suggestiveness both in composition and in the way they were conducted. Moreover, contrary to the defendants’ contention, there is no evidence that Vitale’s identifications were the fruit of any unlawful detention.
*1018 Accordingly, I hold that the motions to preclude the identification testimony of Nicholas Gladd from the People’s case-in-chief should be granted but that, in all other respects, the defendants’ motions to preclude and suppress should be denied.

. United, States v Wade, 388 US 218.

. People v Rodriguez, 79 NY2d 445.

. I note in passing that the People’s argument here has always been that the notices served were sufficient, and they have never asked for leave to amend them (compare, People v Benane, NYLJ, May 31, 1991, at 22, col 5 [Sup Ct, NY County, Williams, J.], supra; cf., People v Ocasio, 183 AD2d 921 [2d Dept], appeal dismissed 80 NY2d 932; People v Canute, 190 AD2d 745 [2d Dept], lv denied 81 NY2d 968). I therefore express no view on what my ruling would have been had the People moved to amend the notices herein.