OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
The defendant, indicted for sale of a controlled substance, received written notice of the prosecutor’s intent to use at *855 trial an oral statement made by the defendant to a police officer. However, when the defendant moved to suppress the statement the prosecutor withdrew the notice on the ground that it had been issued in error because no such statement existed. Nevertheless, on the day jury selection began the prosecutor informed the defendant that an oral statement had been made and that the prior notice had been erroneously withdrawn due to confusion in the prosecutor’s office.
The defendant moved to exclude the statement on the ground that the notice was untimely. The court denied the motion, immediately held a suppression hearing, held the statement admissible and later admitted it at the trial.
We have held that the prosecutor’s notice of intent to introduce a statement must be made within the time prescribed in the statute, unless good cause is shown for the delay and that mere neglect is no excuse (People v O’Doherty, 70 NY2d 479; People v McMullin, 70 NY2d 855). In this case the defendant did not receive effective notice until after the time had run. The prior notice, although timely served, had been withdrawn and thus was ineffective. Accordingly, the statement should have been excluded.
The error in admitting this statement cannot be said to be harmless because absent the defendant’s oral admission the proof that the defendant was a seller, rather than an agent of the buyer, was not overwhelming.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.