OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
When a witness identifies a defendant out of court, CPL 710.30 requires that if the People intend to have the witness identify the defendant at trial, they must serve upon the defendant a notice of their intention to use identification testimony within 15 days of arraignment. That section also states that the People must establish good cause for delay if they seek to serve this notice after the 15-day period.
In the case before us, the People failed to serve within 15 days of arraignment a notice of their intention to offer at trial the testimony of two witnesses, both of whom observed defendant inside their home and thereafter identified defendant at the police station. Nevertheless, the witnesses were allowed to identify defendant at trial.
On this appeal the People contend that they were properly allowed to serve a late notice because the delay did not prejudice defendant. However, the "[l]ack of prejudice to the defendant resulting from the delay does not obviate the need for the People to meet the statutory requirement of good cause before they may be permitted to serve a late notice.” *857 (People v O’Doherty, 70 NY2d 479, 481.) Thus, the identification testimony at issue was erroneously admitted into evidence at trial.
Moreover, under the circumstances of this case the error was not harmless. Here defendant was convicted of burglary in the second degree, and the erroneously admitted in-court identifications were the only direct evidence placing him inside the victims’ home.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.