■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN BERNIER, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Greenberg, J.), rendered April 17, 1986, convicting him of robbery in the second degree (two counts)· and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to preclude the admission of the in-court identification testimony of Gedeon Gedeon.

Ordered that the judgment is reversed, on the law, that branch of the defendant's motion which was to preclude the admission of the in-court identification testimony of Gedeon Gedeon is granted, a new trial is ordered on the fourth count of the indictment charging the defendant with criminal possession of a weapon in the fourth degree, and the remaining counts of the indictment are dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Kings County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance, or fixing bail, or committing him to the custody of the New York City Department of Correctional Services pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof (cf., CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Kings County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury; and it is further,

Ordered that no questions of fact have been raised or considered.

Under the circumstances of this case, we must decide whether the defendant waived his right to demand preclusion

of the identification testimony of a witness, where the People concededly failed to comply with the statutory requirement that they either notify the defendant, within 15 days of arraignment, of their intention to have a witness identify the defendant at trial based upon a prior out-of-court identification or that they establish "good cause" to permit untimely notice (CPL 710.30). A waiver of the preclusion sanction is effected only where the defendant "has, despite the lack of such notice, moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible" (CPL 710.30 [3]).

The operative facts warrant emphasis. The defendant was charged with having robbed Jack Sano, a gas station attendant, on three separate occasions at his place of employment. Although a co-worker Gedeon Gedeon was also present during at least 2 of the 3 robberies, the sole complainant named in the indictment was Sano. Of the three complaint reports completed by the police, only one named Gedeon as a witness. Additionally, in their voluntary disclosure form, the People listed Sano as the only witness having made an identification within the meaning of CPL 710.30 (1).

At the jury voir dire conducted nearly 16 months after the defendant's arraignment, the defense counsel inadvertently learned that Gedeon rather than Sano would testify at the trial. The defense counsel immediately apprised the court that he had been given no prior notice that Gedeon would testify and promptly requested preclusion of his testimony on the ground of lack of notice and unfair surprise. The prosecutor offered no excuse for the lack of notice, but rather argued that the defense claim of surprise was untenable since at least one police report listed Gedeon as a witness and the bill of particulars also indicated that Gedeon had witnessed the incidents. Consequently, the defendant's initial request for preclusion was denied with the understanding that the People would produce the next day any police officers who had interviewed Gedeon in order that the defense counsel might determine what, if anything, he told them.

After speaking with the sole police officer produced by the People, the defense counsel apprised the court that he had no idea whether Gedeon had "made any kind of out-of-court identification and [that] if he did maybe we need a *Wade* hearing with respect to that". The court, without first determining whether the People could demonstrate "good cause" for their failure to provide timely notice, directed the People to disclose whether or not there was a police-arranged identifi-

cation procedure. The prosecutor then apprised defense counsel for the first time that Gedeon had identified the defendant as the perpetrator after viewing him in the back seat of a police vehicle. As a result, the court immediately ordered a *Wade* hearing at which both the identification issue and the CPL 710.30 preclusion issue were explored.

At the conclusion of Gedeon's hearing testimony, the defense counsel again moved to preclude the admission of the showup and in-court identification testimony on the grounds of both suggestiveness and lack of notice required by CPL 710.30 (3). The court granted defendant's motion finding that the People had failed to provide timely notice of the identification testimony or to demonstrate "good cause" for their failure to do so in violation of CPL 710.30, and that the identification procedure was unduly suggestive.

Upon the People's motion and over defense objections, the hearing was reopened to afford the People an opportunity to establish an independent source for in-court identification testimony. After hearing the testimony, the court determined that the People had established an independent basis rendering the in-court identification testimony admissible at trial. After the trial, the court issued a written decision on the *Wade* hearing which omits reference to the CPL 710.30 notice issue.

On this record we find unpersuasive the People's contention that the defendant waived his right to seek preclusion of the admission of the in-court identification testimony in question by virtue of his participation in the first portion of the *Wade* hearing. In a recent line of decisions, the Court of Appeals has emphatically held that " '[l]ack of prejudice to the defendant resulting from the delay does not obviate the need for the People to meet the statutory requirement of good cause before they may be permitted to serve a late notice' " *(People v McMullin,* 70 NY2d 855, 856, quoting from *People v O'Doherty,* 70 NY2d 479, 481; *see also, People v Boughton,* 70 NY2d 854, 855). At bar we find that the defendant's motion to preclude on the ground of lack of notice, made prior to the suppression hearing, was sufficiently specific to place the issue before the trial court. The court denied the defendant's initial preclusion motion finding, in effect, that the defendant was not unduly prejudiced by the lack of notice. Notwithstanding the People's complete failure to serve the defendant with late notice and establishing "good cause" for the delay, the court then directed the People to disclose whether or not a police identification procedure had been employed to obtain Gedeon's

identification of the defendant and immediately held a suppression hearing upon learning that a showup occurred. Absent a showing of "good cause", it was error to permit untimely notice, and the initial preclusion motion should have been granted *(see, People v McMullin, supra; People v O'Doherty, supra; People v Boughton, supra)*.

Although the court properly granted preclusion of both the out-of-court and in-court identifications upon the defendant's second motion at the conclusion of the *Wade* hearing, the court erred in modifying its original decision to permit admission of the in-court identification upon a showing of an independent source. Where there has been a violation of the mandatory disclosure provision of CPL 710.30, both the out-of-court and in-court identifications must be excluded regardless of the existence of an independent basis for the identification *(see, People v McMullin,* 125 AD2d 832, *revd on other grounds* 70 NY2d 855, *supra;* CPL 710.30 [3]).

The error in admitting the in-court identification was not harmless since the only evidence tending to identify the defendant as the perpetrator of the two robbery counts submitted to the jury was the improperly admitted in-court identification by Gedeon *(see, People v McMullin, supra)*.

We additionally note that the defendant was not deprived of a speedy trial in violation of CPL 30.30 so as to warrant dismissal of the indictment. Criminal proceedings were commenced against the defendant on August 31, 1984, the day the felony complaint was filed *(see,* CPL 1.20 [17]; *People v Osgood,* 52 NY2d 37, 40)*. Under CPL 30.30, the People were required to be ready for trial within six months after the filing of the complaint *(see,* CPL 30.30 [1] [a])*. Accordingly, the applicable six-month statutory period in this case extended from August 31, 1984 to February 28, 1985, a period of 181 days *(see, e.g., People v Anderson,* 66 NY2d 529, 540)*. We agree with the defendant that the period of delay between the filing of the indictment to the arraignment, attributable to the People's failure to produce the defendant from prison, is not excludable pursuant to CPL 30.30 (4) (b) since the incarcerated defendant cannot be deemed to have consented to the delay *(see, People v Greene,* 134 AD2d 612, *lv denied* 71 NY2d 897; *People v O'Neal,* 99 AD2d 844)*. However, even when the delay between the filing of the indictment and the arraignment, in addition to the unexplained period of delay between August 7, 1985 and October 3, 1985, is charged to the People, the statutory period is not exceeded as there are only 168 days of unexcused

delay. Bracken, J. P., Kunzeman, Rubin and Spatt, JJ., concur.