OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted after a jury verdict of two counts of robbery and of possession of a weapon arising out of the holdup of the same Brooklyn gas station on three separate occasions.
Defense counsel learned during trial jury selection that a person with respect to whom no CPL 710.30 (1) pretrial notice had been given would be called as the prosecution’s main *1008 identifying witness. He then made a motion to preclude the testimony based on lack of notice and surprise. Inasmuch as the People failed to present or establish any excuse for not giving the required notice, the court should have granted the preclusion motion and suppressed the identification testimony (People v O’Doherty, 70 NY2d 479). Instead, it denied the motion on condition that the prosecution make available the officers who investigated the robberies. After speaking with an officer, defense counsel stated on the record that he had "no idea based on the information I have whether [Gedeon the unnoticed witness] made any kind of out-of-court identification and if he did maybe we need a Wade [United States v Wade, 388 US 218] Hearing with respect to that. I have no idea.” (Emphasis added.) When the prosecutor then acknowledged that an out-of-court identification had been made, the court ordered a Wade hearing after which the identification testimony was suppressed. The People next moved and prevailed over defense counsel’s objection to reopen the Wade hearing for the establishment of an independent source, which ultimately permitted the witness to make an in-court identification despite the suppression of his out-of-court identification.
The Appellate Division correctly reversed the conviction and suppressed the in-court identification as well because the trial court had no basis for denying the initial defense motion to preclude for failure of timely statutory notice (CPL 710.30; People v O’Doherty, 70 NY2d 479, supra). The People’s claim that defendant nevertheless waived the preclusion protection pursuant to the exception of CPL 710.30 (3) by making a suppression motion or participating in a suppression hearing is unavailing. The waiver exception cannot become operative in a case such as this when the defendant clearly moved initially to preclude and lost. In any event, he made no suppression motion qualifying under CPL 710.30 (3) (see, People v Amparo, 73 NY2d 728, 729; People v McMullin, 70 NY2d 855).
Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur; Judge Kaye taking no part.
Order affirmed in a memorandum.