■ The People of the State of New York, Respondent, v Karl Broome, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant is entitled to a new trial because the complainant's identification testimony should have been precluded. Defendant moved to preclude identification testimony because he had not been served with a written notice pursuant to CPL 710.30 (1) (b). The Judge who heard that motion (Burke, J.) ruled that the People would be precluded from introducing identification evidence because they had failed to serve the required notice. Two days before trial, the Trial Judge (Bergin, J.) conducted a *Wade* hearing over defendant's objection and determined that identification evidence should not be suppressed. At trial, the complainant identified defendant as his attacker. The trial court erred in conducting a *Wade* hearing and in admitting identification evidence at trial. Because the People failed to serve the requisite notice, defendant's motion to preclude identification testimony should have been granted (CPL 710.30 [1] [b]; *People v Bernier,* 73 NY2d 1006; *People v McMullin,* 70 NY2d 855). Additionally, Judge Burke's determination that identification testimony could not be used at trial constituted the law of the case and was binding on Judge Bergin *(see, People v Johnson,* 131 AD2d 696, 697, *lv denied* 70 NY2d 713; *People v Finley,* 104 AD2d 450, *adhered to on rearg* 107 AD2d 709).

With respect to defendant's motion to dismiss the indictment for denial of the opportunity to testify before the Grand Jury, the court properly denied his motion to dismiss (CPL 730.40 [3]). We have reviewed defendant's remaining claims of error and find them to be without merit. (Appeal from judgment of Onondaga County Court, Bergin, J.—attempted robbery, first degree, and other charges.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.