OPINION OF THE COURT
Phylis Skloot Bamberger, J.
The defendant is charged with robbery in the first and second degrees and assault in the third degree. In his pretrial motion the defendant seeks to preclude identification testimony on the ground that the People failed to comply with CPL 710.30, which requires notice within 15 days of arraignment that the People plan to introduce evidence of an identification. Two identification procedures are involved. One procedure occurred on December 2, 1988, and was the subject of a CPL 710.30 notice which counsel claims was incomplete and, consequently, invalid. The second procedure was a court-authorized lineup. Counsel claims the prosecutor failed to comply with CPL 710.30 because the lineup took place after the 15-day period, thereby making timely notice impossible. The motion was previously denied by order and decision dated June 6, 1989. This amended opinion restates the court’s earlier opinion on the first claim and further explains the decision on the second of the defense arguments, which appears to be a novel question.
The first claim of the defendant is that the notice given with the indictment about the December 2, 1988 identification procedure was inadequate. Counsel argues that the form used to give the CPL 710.30 notice did not include a check mark next to the paragraph that is used to give notice of a prior identification procedure, and also that the kind of procedure used was not designated. These omissions do not deprive the defendant of the required notice under CPL 710.30. The defendant was informed by the notice that an identification was made to a Police Officer Fleming on December 2, 1988. Accordingly, counsel was aware that a procedure took place and in a position to make his pretrial motion to suppress, which is the purpose of the notice. (People v White, 73 NY2d 468; People v O’Doherty, 70 NY2d 479 [1987] [relating to notice of confessions]; People v McMullin, 70 NY2d 855 [1987] [applying O’Doherty to notice of identifications].)
Counsel next asserts that testimony about the lineup must be excluded because it did not take place until April 27, 1989, almost four months after the arraignment, precluding *92 notice of the lineup until after the CPL 710.30 15-day period. Counsel’s argument is premised on the assumption that the notice requirement applies to a lineup conducted beyond 15 days after arraignment and, further, that the time restriction on the notice of the identification procedure applies to the identification procedure itself. In support of his position counsel relies on language in O’Doherty (supra, at 488) that the legislative purpose for the 15-day limit on the notice is "the orderly, swift and efficient determination of pretrial motions” for "the efficient conduct of criminal prosecutions”. However, People v White (supra) makes reliance on the O’Doherty language inappropriate and the defense reading of the statute impermissibly broad.
The purpose of the CPL 710.30 notice is to allow a defendant to avail himself of a suppression motion in situations in which the defendant may either be unaware of the People’s intention to use evidence or of existence of the evidence. (People v White, supra; People v Briggs, 38 NY2d 319, 323 [1975]; Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 710.30, at 283 [1971]; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 710.30, at 113-114 [1984].) Under White, such notice is not required when the prior identification occurs in court, whether at a felony arraignment hearing, at a Wade hearing, or at a previous trial. In these instances, the defendant and his attorney know of the hearing and the purpose of the statute is not implicated.
The analysis in White (supra) is applicable where the procedure is a postindictment lineup. The notice is not necessary because counsel must be notified of or present at the procedure (People v Hawkins, 55 NY2d 474, cert denied 459 US 846 [1982]), and consequently is aware that it took place. In this case, the lineup was not only a postindictment procedure, but was conducted pursuant to a court order directing the Department of Correction to produce the defendant at the lineup and ordering the prosecutor to conduct the lineup with counsel present.* There is no question that counsel was aware of the procedure.
In White (supra) the Court of Appeals explained that counsel who is present at an in-court identification is not only *93 aware of the procedure, but has the opportunity to challenge any suggestive feature of the procedure as it is going on. The same opportunity exists when counsel is present at an out-of-court lineup conducted by the District Attorney with court permission. Counsel can act to prevent suggestiveness by urging the prosecutor to use different participants or fillers or to change procedures. White further notes that a suggestive in-court identification can be brought to the Judge’s attention. The same is true of a court-authorized lineup. If a suggestive proceeding takes place either in court or out of court, counsel can seek to suppress or preclude the testimony to prevent prejudice.
The 1976 amendment to CPL 710.30 requiring that the notice be given within 15 days after arraignment on the indictment, rather than just prior to trial, did not change the primary purpose of the notice. However, as defense counsel argued, O’Doherty (supra) states that the time limit was intended to improve pretrial motion practice under the omnibus pretrial statute, which was passed in 1974. (L 1974, ch 763, § 1.) To speed up the resolution of the motions, the amendment required the prosecutor “to notify the defendant [within fifteen days of arraignment] of the existence of certain facts which might be made the basis of a pre-trial defense motion.” (Fourth Ann Report of Advisory Comm on CPL in 21st Ann Report of NY Jud Conf [1976 NY Legis Doc No. 90], at 340.) The defense argument is that because the notice of the intent to use the evidence must be given within 15 days after arraignment, the People cannot create or use any additional evidence if it comes within the categories included in CPL 710.30 because timely notice would be impossible.
Because this court concludes that the reasoning of White (supra) applies here, CPL 710.30 notice is not required. Furthermore, as set out in the above-quoted portion of the Advisory Committee report, the notice requirement relates to evidence already in existence at the time the notice must be given. While after indictment the prosecutor is precluded from preparing for trial by use of a Grand Jury subpoena (see, Matter of Hynes v Lerner, 44 NY2d 329 [1978]), CPL 240.40 (2) specifically permits a court-authorized lineup after indictment. There is no suggestion in the history of the CPL 710.30 notice requirement that the State is barred by the notice from continuing to gather evidence. Finally, if the defense interpretation prevailed, it would result in endless hearings on identification procedure because under CPL 710.60 (3) (b) the de *94 fense must be given a Wade hearing based on mere assertion that an identification procedure took place without factual allegations. White disapproves of an interpretation of the statute that would produce such a result.
Accordingly, the motion to preclude identification testimony is denied.

 Even if the defendant were not in custody, defense counsel would receive notice of the lineup procedure because counsel would be the one to advise the client to appear.