OPINION OF THE COURT
Howard Spitz, J.
The issue to be determined, on this pretrial motion, which is one of first impression, is whether the recent decisions of the New York Court of Appeals in People v O’Doherty (70 NY2d 479) and People v McMullin (70 NY2d 855) regarding the notice requirement of CPL 710.30 (2) apply to the Family Court Act notice requirement set forth in section 330.2 (2).
Respondent is charged with attempted grand larceny in the *209 third degree and criminal mischief in the third degree for attempting to steal an automobile. Before the court is respondent’s omnibus pretrial motion in which she seeks, inter alia, to preclude identification testimony on the ground that petitioner failed to serve respondent with notice of such intention within 15 days of the initial appearance, pursuant to Family Court Act § 330.2 (2).
The exact method utilized to identify respondent in the instant matter is unclear from the papers presented to the court. Notwithstanding the allegations in the moving papers and the motion to preclude, petitioner simply responded that no showup or lineup was involved. However, it did not set forth any specific facts in support of its conclusion nor whether the police were involved in respondent’s identification. A review of the petition and annexed papers indicate that an eyewitness observed three young females break into a parked automobile. The police responded to his phone call and, upon arrival at the scene, observed three girls walking rapidly away from the car in question. However, the court cannot discern when or how the respondent was arrested, or when or how the eyewitness identified respondent.
To date, the presentment agency has not served upon respondent a notice of intention to offer identification testimony pursuant to Family Court Act § 330.2 (2) nor has it sought leave to serve a late notice. The initial appearance was on April 24, 1989, and the time to file the notice has expired.
A comparison of Family Court Act § 330.2 (2) with CPL 710.30 (2) reflects that they both contain comparable language regarding the 15-day notice requirement. The Family Court Act provides that the "notice must be served within fifteen days after conclusion of the initial appearance or before the fact-finding hearing, whichever occurs first”.*
In People v O’Doherty (supra, at 487), Chief Judge Wachtler, speaking for a unanimous court, strictly construed the 15-day notice requirement set forth in CPL 710.30 (2), since it reflected a legislative policy determination with which courts cannot interfere. The court stated that "not only considerations of fairness to the defendant, but also concerns for the efficient conduct of criminal prosecutions underlie the Legisla *210 ture’s directive. The exclusionary sanction for failure to comply contained in CPL 710.30 (3) reflects a judgment that the loss of the use of the evidence is an acceptable price to pay to achieve the desired goals. Although the People complain that the price is too high and the requirements of the statute burdensome, we cannot dilute or disregard the requirements in an effort to avoid exacting the price without trespassing on the Legislature’s domain and undermining the purposes of the statute” (supra, at 488-489). O’Doherty was applied to notice of identification in People v McMullin (supra) and to notice of statements (People v Boughton, 70 NY2d 854).
By incorporating the 15-day and good-cause requirements into Family Court Act § 330.2 (2), the Legislature was clearly declaring that notice be given timely to allow the orderly and expeditious determination of pretrial motions; to advise the respondent of the petitioner’s intention to use such testimony at trial, and the avoidance of multiple pretrial motions. Both statutes also provide that the only method available to serve a late notice after the expiration of the 15-day requirements is by establishing good cause for the failure to serve timely notice.
The Court of Appeals has recently reaffirmed and clarified the O’Doherty decision (supra) in People v White (73 NY2d 468) and in People v Bernier (73 NY2d 1006). In White, the court held that the requirement of CPL 710.30 regarding notice of intent to offer previous identification testimony at trial does not apply to judicially supervised identifications while defendant is represented by counsel. In Bernier, the court affirmed the reversal of defendant’s conviction by the Appellate Division and suppressed an in-court identification. The court so held because the trial court, which had granted suppression after a Wade hearing and then allowed the People to establish an independent source for an in-court identification, had no basis for denying the initial defense motion to preclude the identification testimony for failure to give timely statutory notice.
The court determines that the reasoning of the Court of Appeals in People v O’Doherty (supra) is applicable to Family Court Act § 330.2 (2). Therefore, under all of the circumstances here present, the motion to preclude testimony of identification which was police arranged, and which required the service of notice of intention to offer identification testimony pursuant ta Family Court Act § 330.2 (2), is granted (see, Matter of Ronald W., 146 AD2d 703; Matter of Kenneth S., 128 *211 AD2d 881). However, in view of the lack of clarity as to the identification procedure used, a voir dire will be conducted during the fact-finding hearing to ascertain whether Family Court Act § 330.2 (2) notice was required (see, Matter of Kenneth S., supra).
The remainder of respondent’s motion is denied.

 It is noted that pursuant to Family Court Act § 340.1 (1), if the respondent is in detention, the fact-finding hearing is expedited and shall commence within 14 days after the conclusion of the initial appearance. However, respondent was not in detention, so the latter provision does not apply.