■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MILES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered December 19, 1986, convicting him of attempted assault in the second degree, and assault in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review, the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to preclude the identification testimony of the complainant is granted, and the indictment is dismissed.

The defendant's contention that his trial counsel was ineffective because he failed to make a motion to preclude the complaining witness from making an in-court identification upon the ground that the People had failed to comply with the notice provisions of CPL 710.30 is without merit. The record indicates that immediately prior to the complaining witness being called to the stand at the beginning of the trial, the defendant's trial attorney joined with the codefendant's attorney in registering an objection to the People's failure to provide notice that the complaining witness had participated in a pretrial identification procedure and requested dismissal of the indictment on this ground. Both attorneys also requested a *Wade* hearing. The trial court disposed of these applications by ruling that it would consider "any suggestiveness" with respect to the pretrial identification procedure during the course of the bench trial, and that the People's failure to provide notice would be considered in determining "the weight [the court would] give to the identification made by the victim". During the course of the subsequent cross-examination of the complaining witness, who testified that he had viewed "hundreds, must have been thousands" of photographs, it became evident that there was no issue of suggestiveness with respect to the pretrial identification procedure. Accordingly, the defendant's trial counsel did not pursue his *Wade* application any further.

The defendant's appellate counsel correctly notes that, pursuant to CPL 710.30 (3), the prosecution's failure to serve notice of a prior identification may be excused whenever "despite the lack of such notice, [the defendant] moved to suppress such evidence and such motion has been denied" *(see also, People v O'Doherty,* 70 NY2d 479, 483; *People v Bernier,* 141 AD2d 750, 752, *affd* 73 NY2d 1006). Considering that the defendant's trial attorney in fact made an unsuccessful suppression motion in this case, the defendant's appellate attorney claims that his client's right to have the witness's in-court identification precluded based on the prosecution's failure to serve a timely notice has been "extinguished". For this reason, it is argued that trial counsel was ineffective.

We reject appellate counsel's concession that his client's right to seek preclusion of the complainant's identification testimony has been "extinguished". It is true that trial counsel requested a *Wade* hearing, and that such a hearing, in effect, was conducted without success during the bench trial. However, the defendant's initial pretrial motion was made not so much upon the ground that the identification procedure was itself suggestive, as upon the ground that the People had failed to properly notify the defendant of the fact that the identification procedure had occurred. At the beginning of trial, for example, the defendant's attorney complained that he was "totally in the dark" as to what sort of identification procedure had been used, and whether it was "a photo array procedure * * * or some kind of mirror-quick procedure". The prosecutor also professed ignorance of exactly what sort of identification procedure had been used. It appears that it was not until the cross-examination of the complaining witness, that the nature of the pretrial identification procedure became known.

The Court of Appeals has held that the terms of CPL 710.30 (3), pursuant to which a violation of CPL 710.30 may be excused where a "suppression" motion has been unsuccessfully made, should not be applied to cases where a motion to suppress identification testimony on the grounds of suggestivity was made only after it became apparent that the trial court would not grant preclusion on the basis of a CPL 710.30 violation alone *(see, People v Bernier,* 73 NY2d 1006, *supra).* "The waiver exception cannot become operative * * * when the defendant clearly moved initially to preclude [on the grounds of a CPL 710.30 violation] and lost" *(People v Bernier,* 73 NY2d 1006, *supra,* at 1008; *see, People v Amparo,* 73 NY2d 728, 729). In the present case, the trial counsel's motion to

preclude was based primarily on the People's failure to comply with the notice provision of CPL 710.30, rather than on the suggestivity of the procedure itself, so that the waiver provision of CPL 710.30 (3) does not apply. The trial counsel's motion also effectively preserved this issue for appellate review *(see, People v Bernier, supra).*

Therefore, in accordance with the rule enunciated in *People v O'Doherty* (70 NY2d 479, *supra)* the judgment must be reversed, and the victim's identification testimony suppressed, even though, in light of the fairness of the pretrial identification procedure, the defendant was in no way prejudiced by the prosecution's omission *(see also, People v McMullin,* 70 NY2d 855). Because the People cannot make out a prima facie case in the absence of this identification testimony, we dismiss the indictment. Bracken, J. P., Rubin, Rosenblatt and Miller, JJ., concur.