■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONIDES PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered July 25, 1989, convicting him of criminal sale of a controlled substance first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal sale of a controlled substance first degree under the first count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was the subject of a so-called "buy and bust" operation, involving three separate sales of cocaine to an undercover officer. With respect to the first count of the indictment, involving a sale on September 8, 1988, the undercover officer identified the defendant in-court as one of the people involved in the sale. She later testified regarding an out-of-court identification occurring on September 26, 1988, wherein she identified the defendant as being the same person involved in the September 8th sale. The defendant subsequently moved to preclude identification testimony from the officer and to strike whatever identification testimony had already come in, on the ground that the People never gave notice pursuant to CPL 710.30. The court responded by striking testimony regarding the officer's observations of the defendant on September 26th but refused, over the defendant's objection, to strike the officer's in-court identification testimony arising out of the September 8th sale.

There is no question that the People should have, but failed to serve notice upon the defendant, pursuant to CPL 710.30, of their intent to offer the subject testimony of the officer *(see, People v Newball,* 76 NY2d 587). Therefore, the court properly struck testimony regarding the out-of-court identification of the defendant *(see,* CPL 710.30 [3]). However, the court should have also stricken the officer's in-court identification of the defendant arising out of the events which took place on September 8th. It is well settled that where there has been a violation of the mandatory disclosure provision of CPL 710.30,

both the out-of-court and in-court identifications must be excluded regardless of the existence of an independent basis for the identification (see, *People v McMullin,* 70 NY2d 855). Because the People cannot make out a prima facie case with respect to the first count of the indictment in the absence of this identification testimony, that count must be dismissed.

We have reviewed the defendant's remaining contention and find it to be without merit. Bracken, J. P., Harwood, Eiber and O'Brien, JJ., concur.