■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

REUBEN OCASIO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered April 23, 1990, convicting him of robbery in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that the testimony of one of the People's identifying witnesses should have been excluded because the People failed to serve a proper CPL 710.30 notice on the defense. We disagree.

The People gave the defense timely notice of the fact that the defendant had been identified at a lineup by two witnesses. However, the People mistakenly put the name of Erika Schlesinger, the wife of the complainant, as one of the two identifying witnesses on that notice. The hearing court found, essentially, that allowing the People to amend the notice to replace the incorrect name with the correct one did not change the substance of the notice, and the defendant was in no way prejudiced *(People v Ocasio,* 146 Misc 2d 688).

The Court of Appeals has enunciated the legislative purpose behind CPL 710.30 as follows:

"Although CPL 710.30 retains as its central purpose that of providing a defendant with the opportunity to obtain a pretrial ruling on the admissibility of statements to be used against him, the 1976 amendment was designed to serve an ancillary goal—the orderly, swift and efficient determination of pretrial motions. The impetus for the amendment was the enactment of article 255 of the Criminal Procedure Law (L 1974, ch 763, § 1), the omnibus pretrial motion provisions which sought to impose order and speed on pretrial motion practice by requiring the defendant to make substantially all pretrial motions at one time, on one set of papers before one Judge, within 45 days after arraignment *(see,* CPL 255.20; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 255.10, at 437-438). Until the 1976 amendment, however, these goals were compromised by the prosecutor's ability under CPL 710.30 to serve a notice on defendant at any time before trial, which triggered the defendant's right to make an additional pretrial motion, requiring a hearing and resulting in additional delay. It was to alleviate this problem that the 1976 amendments to CPL 710.30, requiring notice to defendant within 15 days after arraignment, along with conforming changes to CPL 255.20 and CPL 700.70, were proposed *(see,* 21st Ann Report of NY Jud Conf, 4th Ann

Report by Advisory Committee on CPL, at 339-340, 348-349 [1976]).

"Thus, not only considerations of fairness to the defendant, but also concerns for the efficient conduct of criminal prosecutions underlie the Legislature's directive. The exclusionary sanction for failure to comply contained in CPL 710.30 (3) reflects a judgment that the loss of the use of the evidence is an acceptable price to pay to achieve the desired goals. Although the People complain that the price is too high and the requirements of the statute burdensome, we cannot dilute or disregard the requirements in an effort to avoid exacting the price without trespassing on the Legislature's domain and undermining the purposes of the statute" *(People v O'Doherty,* 70 NY2d 479, 488-489).

We find, in the present case, that the notice given to the defense satisfied the intent of the statute. "[T]he primary purpose of the notice requirement is to implement the constitutional guarantees by alerting the defendant to the possibility that evidence identifying him as the person who committed the crime may be constitutionally tainted and subject to a motion to suppress" *(People v Collins,* 60 NY2d 214, 219). The defendant was able to, and did, timely move to suppress the identification testimony, and was granted a hearing. There was no delay whatsoever in the bringing of the motion to suppress or the hearing which followed. Furthermore, as the hearing court noted, allowing the People to amend the notice in this case did not change the substance of that notice. The notice specified "the evidence intended to be offered", to wit: the existence of an identification made of the defendant and the date, time, place and manner of the lineup procedure. Therefore, the hearing court properly granted the People's motion to amend the notice.

We note that *People v Palermo* (169 AD2d 787), cited by the defendant, is clearly distinguishable. In that case, the People served a preprinted form notice pursuant to CPL 710.30, that " 'at the trial of the above entitled action, the People will offer testimony identifying the defendant as a person who committed the offense charged, such testimony to be given by a witness who has previously identified him as such' ". This court upheld the defendant's contention that the notice did not specify the evidence to be offered as required by the statute stating "[t]he blank form notice used by the People 'is insufficient to fullfill due process and statutory requirements' " *(People v Palermo, supra,* at 787, quoting *Matter of Albert B.,* 79 AD2d 251, 256). Obviously, absent in

that notice were any facts (which are present here) as to the date, time, place, and manner of identification.

Other cases relied upon by the defendant are clearly distinguishable in that no notice was given or the notice was not timely (see, *People v Bernier,* 73 NY2d 1006 [no notice given regarding the prosecution's main identifying witness]; *People v O'Doherty, supra* [People moved more than five months after arraignment for permission to serve a late notice]; *People v Boughton,* 70 NY2d 854 [prior, timely-served notice had been withdrawn and was thus held ineffective; subsequent notice was held to be untimely]; *People v McMullin,* 70 NY2d 855 [late notice]).

The defendant's remaining contentions are either unpreserved for appellate review, involve harmless error (see, *People v Roopchand,* 65 NY2d 837; *People v Wood,* 66 NY2d 374), or are without merit. Eiber, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.