OPINION OF THE COURT
Ira R. Globerman, J.
The defendant, charged with robbery in the first degree (Penal Law § 160.15) and related offenses, has moved to pre *950 elude the People from introducing identification evidence, contending that the People failed to provide him with appropriate notice pursuant to CPL 710.30 (1) (b). Both a photographic array and a lineup occurred here. At the Supreme Court arraignment, a voluntary disclosure form was served indicating that an identification procedure had taken place. The form failed to specify how many such procedures were conducted and the nature of each procedure. This court held the defendant’s motion in abeyance pending a hearing to explore the factual basis for the preclusion motion.
The People, subsequently, served and filed the minutes of the Criminal Court arraignment. Those minutes demonstrate that the defense was told that a photoarray and lineup had been conducted and that the complaining witness had identified the defendant at both procedures. The People did not indicate which complaining witness had made each identification. However, the time, place and date of the lineup were given. For the reasons which follow, I find the notice served at the Criminal Court arraignment adequate to meet the requirements of CPL 710.30 (1) (b).
CPL 710.30 (1) (b) mandates that the People serve notice, upon the defense, of their intent to offer at trial, identification testimony of a witness who has previously identified the defendant. This notice must be served within 15 days of arraignment. (CPL 710.30 [2].) The failure of the People to abide by this mandate requires preclusion of the identifying witness’ testimony as to both his in-court and unnoticed out-of-court identification unless the People demonstrate good cause for their failure or unless the defense has moved for suppression of the evidence despite the lack of proper notice. (CPL 710.30 [2], [3]; People v Bernier, 73 NY2d 1006 [1989]; People v McMullin, 70 NY2d 855 [1987].)
The Court of Appeals in People v White (73 NY2d 468, 474 [1989]) set forth the legislative intent in fashioning this statute. The Court explained that the statute was enacted to provide a defendant with notice of an identification procedure of which he would otherwise be unaware and, thus, with the ability to litigate the suggestiveness of the procedure. The 15-day time limit was appended to the notice requirement to ensure "the orderly, swift and efficient determination of pretrial motions.” (People v O’Doherty, 70 NY2d 479, 488 [1987].)
Here, notice of the two identification procedures was given defense counsel at the first court appearance. That the notice *951 was served before the required time clearly does not undercut its validity. The defense had actual notice of the identifications and could timely make the requisite motions. (Cf., People v White, supra, 73 NY2d, at 474-475 [where defense counsel was present during identification procedure at previous trial, he received actual notice and People did not have to serve notice pursuant to CPL 710.30 (1) (b)].)
Nor should the fact that the name of the witness at each procedure was not provided require preclusion. The notice, furnishing the type and number of identifications and the time, place and date of the lineup, was sufficiently detailed to furnish the defense with more than enough information to move for suppression pursuant to CPL 710.60 (3) (b). (See, People v Ocasio, 183 AD2d 921, 922 [2d Dept], lv dismissed 80 NY2d 932 [1992] [preclusion not warranted where People, in providing CPL 710.30 (1) (b) notice, erroneously gave wrong name of identifying witness; incorrect name did not change substance of notice or ability of defense to timely move for hearing].) Accordingly, the defendant’s motion to preclude the People from introducing the identification testimony is denied, and a Wade hearing is ordered upon consent of the People.