■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CANUTE, Also Known as CANUTE JOHN, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered June 12, 1990, convicting him of burglary in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, among other things, that evidence of the complainant's lineup identification of him should have been excluded because the People failed to serve adequate notice, pursuant to CPL 710.30, of their intention to offer such evidence at trial. We disagree.

In August 1989, the complainant had identified the defendant at a police lineup. However, at the defendant's arraignment, in notifying him of its intent to offer evidence of the lineup at trial, the prosecution inadvertently put the information regarding the lineup, including the time, place, date, and name of the officer who had conducted it, under the heading of "Corporeal Non-Lineup", or showup, on its voluntary disclosure form. In May 1990, immediately before the Wade hearing commenced, defense counsel informed the court that he had only learned of the error a few days prior thereto, and moved to suppress the evidence of the lineup on the ground that the People had failed to meet the requirements of CPL 710.30. The hearing court denied this motion and properly allowed the prosecutor to amend the notice. After the hearing, the court found the evidence concerning the lineup to be admissible at trial.

Consistent with the primary purpose of the notice requirement contained in CPL 710.30, to wit: "alerting the defendant to the possibility that evidence identifying him as the person who committed the crime may be constitutionally tainted and subject to a motion to suppress" (People v Collins, 60 NY2d 214, 219; see, People v O'Doherty, 70 NY2d 479, 488-489; People v Ocasio, 183 AD2d 921, 922-923), we find that the notice given to the defendant was correct in all respects, save for the improper denomination of the identification procedure, an

error which the People corrected, calling it to the defendant's attention several days before the hearing. Furthermore, given that the defendant, after having been told of the amendment, did not move for a continuance of the *Wade* hearing and, subsequent to the court's ruling, proceeded to vigorously cross-examine the People's witness in challenging the propriety of the lineup, he cannot now claim that he was unduly prejudiced by the denial of his motion *(see, People v Ocasio,* 146 Misc 2d 688, 692, n 2, *affd* 183 AD2d 921, *supra).* In sum, since the difference between the notice served and the evidence sought to be offered at trial in no way impeded the defense, the proffered evidence should not be precluded from admission under CPL 710.30 *(see, People v Mena,* 155 Misc 2d 463; *People v Marcano,* NYLJ, July 25, 1991, at 25, col 4; *People v Hilton,* 147 Misc 2d 200, 206-207; *cf., People v Grandenetti,* 139 Misc 2d 614, 615).

We note that the majority of the cases the defendant relies upon are clearly distinguishable from the present case, inasmuch as some involve a complete lack of notice *(see, e.g., People v Bernier,* 73 NY2d 1006; *People v Perez,* 177 AD2d 657) while others address untimely notice *(see, e.g., People v McMullin,* 70 NY2d 855; *People v O'Doherty,* 70 NY2d 479, *supra)* pursuant to CPL 710.30.

The defendant also argues that his conviction of burglary in the first degree must be reversed because there was no proof that he had entered or remained upon the premises unlawfully. This contention has not been preserved for appellate review, since it was not raised with specificity at trial *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Colavito,* 70 NY2d 996; *People v Udzinski,* 146 AD2d 245, 250; *cf., People v Kilpatrick,* 143 AD2d 1).* In any event, the evidence was legally sufficient to support the defendant's conviction.

Finally, the defendant's contentions that the sentence imposed was excessive and allegedly constituted punishment for proceeding to trial are without merit *(see, People v Suitte,* 90 AD2d 80; *see also, People v Pena,* 50 NY2d 400, 412, *cert denied* 449 US 1087; *People v Sherrod,* 181 AD2d 700; *People v Nelson,* 179 AD2d 784, 786; *People v Brown,* 157 AD2d 790, 792; *People v Cunningham,* 153 AD2d 700; *cf., People v Patterson,* 106 AD2d 520, 521).* Rosenblatt, J. P., Lawrence, Pizzuto and Santucci, JJ., concur.