■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE W. SHOWERS, Appellant. [606 NYS2d 816] —White, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered July 6, 1992, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the second degree.

Defendant's conviction stems from his attempt to cash a check at the Jamesway Department Store located in the Village of Liberty, Sullivan County. When asked to produce identification, defendant showed the store's customer service manager a document that was later determined to be a Village of Monticello hack driver's license application. Because the document was not a driver's license, the check could not be cashed without the store manager's approval. When the manager looked at the check, he advised defendant that something was wrong with it. Defendant then ran from the store into the parking lot where he was later apprehended by a State Trooper.

At the arraignment on the indictment, the People served defendant with a notice that they intended to offer at trial certain statements he made to the Trooper. During the course of the *Huntley* hearing held pursuant to defendant's motion to suppress, testimony was elicited that defendant had been identified by the two Jamesway employees involved in this incident. Defendant then moved to preclude such testimony on the ground that the People had not served the notice required

by CPL 710.30 (1) (b).* County Court proceeded to hold a *Wade* hearing and found that the People demonstrated good cause for not timely serving the notice and that an independent source existed for the identification. A jury trial followed which resulted in defendant's conviction of the crime of criminal possession of a forged instrument in the second degree. This appeal ensued.

We reject defendant's contention that the indictment was defective. The indictment follows the language of Penal Law § 170.25 and sets forth the time and place of the alleged crime and the particular instrument involved *(see, People v Iannone,* 45 NY2d 589, 599).

Defendant next contends that County Court erred in not precluding the identification evidence. CPL 710.30 (2) authorizes the court to permit the service of an untimely notice upon a showing of good cause. This requirement is strictly construed and is satisfied only upon a demonstration of "unusual circumstances" *(see, People v O'Doherty,* 70 NY2d 479, 488; *People v Briggs,* 38 NY2d 319, 324; *People v Phillips,* 183 AD2d 856, *lv denied* 80 NY2d 908).

The People's explanation for not providing timely notice is that they believed it was not required because the identifications were confirmatory. This explanation does not constitute the "unusual circumstances" contemplated by the statute because the identifications were clearly not confirmatory given the fact that defendant was not a family member, former friend or long-time acquaintance of the witnesses *(see, People v Collins,* 60 NY2d 214, 219). Moreover, the People should have been aware of this considering the authoritative case law on the subject *(see, People v Newball,* 76 NY2d 587; *People v Collins, supra; People v Tas,* 51 NY2d 915). Therefore, we conclude that the People did not establish good cause *(see, People v Miller,* 142 AD2d 760) and that County Court should have granted the preclusion motion and suppressed the identification testimony *(see, People v Bernier,* 73 NY2d 1006, *supra; People v O'Doherty, supra; People v McMullin,* 70 NY2d 855).

We are constrained to reverse and order a new trial because the error in admitting the identification testimony was not harmless in that there was no other identification testimony presented at the trial *(see, People v McMullin, supra,* at 857).

---

* While defendant initially moved to suppress the identification testimony, on reargument he unequivocally indicated that his motion was one to preclude. Thus, the waiver exception contained in CPL 710.30 (3) is inapplicable *(see, People v Bernier,* 73 NY2d 1006, 1008).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Sullivan County for a new trial.