OPINION OF THE COURT
Charles J. Heffernan, Jr., J.
This case presents a question of first impression: whether the People have complied with CPL 710.30 (1) (b) by serving an identification notice which lists the correct date and police witness, but which specifies the wrong time and place of that identification. For the reasons discussed below, this court concludes that the notice does not comport with the statutory requirement and suppression must result.
INTRODUCTION
The sequence of relevant events in this case is as follows. On April 18, 1994 defendant was arrested and charged with the crimes of an attempt to commit the crime of robbery and assault for events that allegedly occurred four days earlier at 4:00 p.m. at the intersection of Empire Boulevard and Flat-bush Avenue in Kings County. During defendant’s arraignment on April 19, 1994, the People served upon defendant and filed with the court a notice pursuant to CPL 710.30 (1) (b) of an identification of defendant that occurred on April 18, 1994 at 4:10 p.m. at the "scene”, as well as notice pursuant to CPL 710.30 (1) (a) of a statement attributed to defendant. On May 12, 1994, the People successfully moved to reduce the charges against defendant to an attempt to commit the crime of petit larceny (Penal Law §§ 110.00, 155.25) and assault in the third degree (Penal Law § 120.00 [1]). On August 11, 1994 defendant moved to suppress both the identification and the statement which were contained in the notices served at defendant’s arraignment. A hearing on that motion was held before this court on October 5 and 6, 1994.
THE SUPPRESSION HEARING
The People called one witness at the hearing, Detective Dominic Andreno of the 71st Precinct Robbery Unit. During his testimony the parties discovered that the sole identification in this case occurred on April 18, 1994, as stated in the CPL 710.30 (1) (b) notice, but that it took place not at the time *189 and place listed therein, but instead at approximately 12:30 p.m. at Clara Barton High School.
Defendant promptly moved for preclusion of evidence pertaining to the unnoticed identification as well as of an in-court identification of defendant by the complainant. The People opposed that motion. The parties subsequently filed legal memoranda.
THE POSITIONS OF THE PARTIES

Defendant’s Argument:

Defendant submits three arguments: (1) that the People’s failure to serve notice of the 12:30 p.m. identification inside Clara Barton High School must result in preclusion of all identification testimony by the complainant pursuant to CPL 710.30 (3) and People v McMullin (70 NY2d 855 [1987]) and People v Bernier (73 NY2d 1006 [1989]); (2) that notwithstanding any finding by the court that the identification in question was confirmatory, the People were required by CPL 710.30 (1) (b) to serve upon defendant notice of the correct date, time and place of the identification at issue; and (3) that the decisions of the Court of Appeals in McMullin and Bernier (supra) are controlling in this case, and that the holdings of the Appellate Division, Second Department, in People v Ocasio (183 AD2d 921 [1992], lu dismissed 80 NY2d 932) and People v Canute (190 AD2d 745 [1993]), do not require a different result in this case from that which defendant urges.

The People’s Argument:

The People advance three arguments in support of their position: (1) that notice of identification is not required where the defendant is known to the complaining witness; (2) should such notice be found necessary on the facts at bar, the notice that was served upon defendant was sufficient and timely; and (3) if the notice was not sufficient, it is amendable to cure any inaccuracies therein.
THE LEGAL ANALYSIS
The law in New York State is now settled that if a statutorily required identification notice is not timely served, evidence of both the unnoticed identification and the in-court identification by the witness in question is not admissible at trial, even if a court should find an independent source for *190 such identification (People v McMullin, supra; People v Bernier, supra).
The core question in this case is whether the People’s notice of identification, factually inaccurate as it is, nonetheless qualifies as sufficient under CPL 710.30 (1) (b) to withstand the preclusion motion. If it does, the motion must be denied; if it does not, the opposite result must follow.
CPL 710.30 reads in pertinent part as follows:
"1. Whenever the people intend to offer at a trial * * * (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.
"2. Such notice must be served within fifteen days after arraignment and before trial, and upon such service the defendant must be accorded reasonable opportunity to move before trial, pursuant to subdivision one of section 710.40, to suppress the specified evidence. For good cause shown, however, the court may permit the people to serve such notice thereafter and in such case it must accord the defendant reasonable opportunity thereafter to make a suppression motion.
"3. In the absence of service of notice upon a defendant as prescribed in this section, no evidence of a kind specified in subdivision one may be received against him upon such trial unless he has, despite the lack of such notice, moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible as prescribed in subdivision two of section 710.40.” (Emphasis added.)
The Court of Appeals has adopted a policy of strict construction of and compliance with the CPL 710.30 notice requirements. The rationale for that standard was articulated in the seminal decision in People v O’Doherty (70 NY2d 479, 488-489):
"Although CPL 710.30 retains as its central purpose that of providing a defendant with the opportunity to obtain a pretrial ruling on the admissibility of statements to be used against him, the 1976 amendment was designed to serve an ancillary goal — the orderly, swift and efficient determination of pretrial motions. The impetus for the amendment was the enactment of article 255 of the Criminal Procedure Law (L 1974, ch 763, § 1), the omnibus pretrial motion provisions *191 which sought to impose order and speed on pretrial motion practice by requiring the defendant to make substantially all pretrial motions at one time, on one set of papers before one Judge, within 45 days after arraignment (see, CPL 255.20; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 255.10, at 437-438). Until the 1976 amendment, however, these goals were compromised by the prosecutor’s ability under CPL 710.30 to serve a notice on defendant at any time before trial, which triggered the defendant’s right to make an additional pretrial motion, requiring a hearing and resulting in additional delay. It was to alleviate this problem that the 1976 amendments to CPL 710.30, requiring notice to defendant within 15 days after arraignment, along with conforming changes to CPL 255.20 and CPL 700.70, were proposed (see, 21st Ann Report of NY Jud Conf, 4th Ann Report by Advisory Committee on CPL, at 339-340, 348-349 [1976]).
"Thus, not only considerations of fairness to the defendant, but also concerns for the efficient conduct of criminal prosecutions underlie the Legislature’s directive. The exclusionary sanction for failure to comply contained in CPL 710.30 (3) reflects a judgment that the loss of the use of the evidence is an acceptable price to pay to achieve the desired goals. Although the People complain that the price is too high and the requirements of the statute burdensome, we cannot dilute or disregard the requirements in an effort to avoid exacting the price without trespassing on the Legislature’s domain and undermining the purposes of the statute.”
O’Doherty (supra), of course, concerned a statement notice under CPL 710.30 (1) (a). McMullin (supra), decided the same day as O’Doherty, is its counterpart decision for the CPL 710.30 (1) (b) identification notice. The facts in McMullin, more fully developed in the opinion of the Appellate Division, Third Department (125 AD2d 832), are instructive. Nearly four months after defendant was indicted on burglary and related charges, the People served notice of a station house showup, as well as an affidavit stating that they were previously unaware of the showup. Defendant objected to the scheduling of a Wade hearing because of the People’s failure to file a timely notice. The trial court found no "good cause” (CPL 710.30 [2]) for the delay in service of notice, but conducted a Wade hearing nonetheless. The court suppressed the showup identification but determined that there was an independent source and permitted an in-court identification.
*192 The Court of Appeals reversed the affirmance of the conviction by the Appellate Division, holding that the " '[l]ack of prejudice to the defendant resulting from the delay does not obviate the need for the People to meet the statutory requirement of good cause before they may be permitted to serve a late notice.’ ” (People v McMullin, supra, 70 NY2d, at 856.) People v Bernier (supra) is to the same eifect on similar facts.* (See also, People v Broome, 151 AD2d 995 [4th Dept 1989]; People v Jones, 182 AD2d 708 [2d Dept 1992]; People v Miles, 163 AD2d 330 [2d Dept 1990]; People v Perez, 177 AD2d 657 [2d Dept 1991].)
 Thus, the appellate case law squarely charges the People with responsibility for "specifying the evidence intended to be offered” under CPL 710.30 (1) or suffer the consequences of failing to do so, absent a judicial finding of good cause for nonservice under CPL 710.30 (2). There being no good cause in the case at bar, the question then becomes what should flow from the notice here served. The People’s incorrect notice neither complied with CPL 710.30 (1) nor advanced the goals listed in O’Doherty (supra). The record is silent as to the cause for the error, be it transmission of *193 inaccurate information by the police to the intake prosecutor, or the latter’s failure to grasp correct information tendered by the former, or some other reason. It can be said, however, that there is no basis for suspecting bad faith on the part of the police or prosecutor in this case.
Based upon the notice served, however, defendant was in fact misinformed as to the identification that the People intended to offer at trial. Counsel could be expected only to consider and respond to the identification that was noticed, i.e., one that took place at the "scene” of the crime (Empire Boulevard and Flatbush Avenue) four days after the charged event, and some 3 hours and 40 minutes after the actual identification had occurred at a public high school some distance away. Accordingly, defendant’s motion practice and hearing preparation would naturally address only the content of the noticed identification. Put another way, defendant is entitled to tailor her investigation and legal strategy to the precise information contained in that notice. To urge that defendant must suffer the consequences of a mid-hearing disclosure of the correct identification information and be chargeable with knowing the particulars of the true identification — and thus absolve the People of the consequence of their erred notice — is to both distend fairness and to ignore the holdings of the Court of Appeals in O’Doherty, McMullin and Bernier (supra).
It should be noted as not without significance that the People permitted defendant to labor under the mistaken information contained in the notice in question for nearly six months — from the service of notice at defendant’s arraignment on April 19, 1994 until the testimony of Detective Andreno on October 5, 1994 — without informing defendant and the court of the correct information surrounding the identification. Were the People to be permitted to amend the notice where, as here, there is no good cause for the late unearthing of the true circumstances, defense counsel would be forced to abruptly adjust to the long-undisclosed correct identification, likely without either adequate preparation to do so or the opportunity for such preparation. Such a result is incompatible with due process of law.
The two cases upon which the People place principal reliance, People v Ocasio and People v Canute (supra), are distinguishable from the instant facts in determinative aspects. In Ocasio, the People timely served and filed an identification *194 notice which mistakenly listed the name of the complainant’s wife as one of the two identifying witnesses. The hearing court permitted the People to amend the notice to correct this error which did not change the substance of the notice and did not prejudice defendant. The Appellate Division, Second Department, affirmed, finding that the notice originally given to the defense satisfied the intent of CPL 710.30 (1) (b): "The notice specified 'the evidence intended to be offered’, to wit: the existence of an identification made of the defendant and the date, time, place and manner of the lineup procedure. ” (People v Ocasio, 183 AD2d 921, 923, supra [emphasis added].)
Similarly, in People v Canute (190 AD2d 745, supra), the notice of identification was correct in all respects save one, i.e., the notice stated that the category of identification was "Corporeal Non-Lineup”, or showup, when in fact the complainant had identified defendant at a police lineup. The hearing court permitted the People to amend the notice immediately before the Wade hearing was to begin, and denied defendant’s motion to suppress the evidence of the lineup on the ground that the People had not met the requirements of CPL 710.30 (1) (b). The Appellate Division, Second Department, affirmed, finding that the notice given to defendant "was correct in all respects, save for the improper denomination of the identification procedure, an error which the People corrected, calling it to the defendant’s attention several days before the hearing.” (People v Canute, supra, at 745-746.)
By contrast, in the case at bar, the identification notice was, of course, far from "correct in all respects.” To the contrary, that notice misadvised defendant as to the time and place of the identification at issue. Nor does this case present any sufficiently complicating factor such as multi-agency involvement in the investigation that would justify the erroneous notice (People v Riley-James, 168 AD2d 740 [3d Dept 1990]); nor does it involve only a minor defect, such as the mere omission of the name of the identifying witness from a timely served notice which specifically informs defendant of the date, time, place and manner of identification (People v Mena, 155 Misc 2d 463 [Sup Ct, Bronx County 1992]).
In short, assuming arguendo that Ocasio and Canute (supra) can be fairly read as engrafting a "substantial compliance” test upon interpretation of the "specifying the evidence intended to be offered” requirement of CPL 710.30 (1), the instant notice falls short of even that norm. By listing the *195 wrong location and time, that notice can hardly be said to have specified the identification at issue or even to have satisfied the unexacting expectation that the notice must "identify the lineup, at the very least, by date and place” (People v Lopez, 194 AD2d 62, 64 [3d Dept 1993]).
The People’s remaining arguments are without merit.
CONCLUSION
For the foregoing reasons, defendant’s motion for an order precluding admission at trial of evidence of identification of defendant on April 18, 1994 at 12:30 p.m. inside Clara Barton High School as well as an in-court identification of defendant is granted.

 Bernier (73 NY2d 1006, supra) is an appeal of a conviction on robbery and related charges emerging from the holdup of the same Brooklyn gas station on three separate occasions. There defense counsel learned during jury selection that no CPL 710.30 (1) (b) notice had been served for the prosecution’s main identifying witness. The trial court denied counsel’s motion to preclude that identification based on lack of notice and surprise. The denial was conditioned on the prosecution’s making available the officers who investigated the robberies. After speaking with an officer, defense counsel stated on the record that he had " 'no idea based on the information I have whether [Gedeon the unnoticed witness] made any kind of out-of-court identification and if he did maybe we need a Wade * * * Hearing with respect to that. I have no idea. ’ ” (Supra, at 1008.) When the prosecutor then acknowledged that an out-of-court identification had been made, the court ordered a Wade hearing on that identification, which is suppressed, but permitted an in-court identification based on the court’s finding of independent source.
The Court of Appeals affirmed the order of the Appellate Division, Second Department (141 AD2d 750), which reversed the conviction. In so doing, the Court of Appeals ruled that the trial court "had no basis for denying the initial defense motion to preclude for failure of timely statutory notice” (People v Bernier, supra, at 1008). The Court also rejected the People’s argument that defendant had waived the preclusion protection pursuant to the exception of CPL 710.30 (3) by making a suppression motion or participating in a suppression hearing. The Court held that the waiver exception is inapplicable where defendant made and lost a preclusion motion. Further, the Court concluded that defendant had made no motion qualifying under CPL 710.30 (3).