*921 OPINION OF THE COURT
Philip C. Segal, J.
In this juvenile delinquency proceeding, respondent moves, inter alia, to preclude the offer of his prior inculpatory statement at the fact-finding hearing. For the following reasons, the motion is granted.
The present petition supersedes a prior petition which alleged the commission of the same criminal acts but was dismissed for facial insufficiency (see, e.g., Matter of Tommy C., 182 AD2d 312 [2d Dept 1992]). The presentment agency does not dispute that, contrary to statutory requirements, notice of intent to offer respondent’s statement was not served within 15 days of respondent’s initial appearance on the original petition (see, Family Ct Act § 330.2 [2]; CPL 710.30); due to an apparent oversight, notice was not served until well after the 15-day period had expired and then only after the second petition was filed. The presentment agency’s law office failure does not constitute "good cause” under the statute such that service of a late notice would be permitted. (People v Briggs, 38 NY2d 319 [1975].) Even if lack of prejudice could be established, it would not be a substitute for the requirement that "good cause” be shown. (People v O’Doherty, 70 NY2d 479 [1987].) Accordingly, in these circumstances, preclusion must be ordered. (Family Ct Act § 330.2 [8]; People v Lopez, 84 NY2d 425 [1994]; People v O’Doherty, supra; People v Bernier, 73 NY2d 1006 [1989]; People v Miles, 163 AD2d 330 [2d Dept 1990].)
The presentment agency’s claim that the 15-day period within which notice must be served should be measured from the date of respondent’s initial appearance on the second petition is contrary to existing Court of Appeals precedent. (See, People v Capolongo, 85 NY2d 151 [1995].) Indeed, the use of such a procedure would permit the presentment agency to "sidestep” the requirement of timely notice simply by withdrawing a juvenile delinquency petition, refiling a new one, and then serving notice within 15 days of respondent’s initial appearance on the second petition. (Supra, at 165.) The result would unfairly prejudice the respondent either (i) by requiring the respondent to proceed to a fact-finding hearing without timely notice and an adequate opportunity to investigate and challenge the voluntariness of his or her statements (see, People v Lopez, supra), or (ii) by causing the respondent to seek a delay in the fact-finding hearing and possibly violating his or her right to a speedy trial (see, Matter of Tommy C., supra *922 [holding that speedy trial limitations also are measured from the date of the initial appearance on the original juvenile delinquency petition]; see also, Matter of Frank C., 70 NY2d 408 [1987]).
The remainder of respondent’s motion — for court-ordered discovery — is decided as set forth in the accompanying order.